## WAYNE COUNTY v CITY OF DETROIT

Docket No. 203397. Submitted November 10, 1998, at Detroit. Decided December 29, 1998, at 9:30 A.M.

Wayne County petitioned the Michigan Tax Tribunal, seeking a ruling that the Wayne County Building located in the city of Detroit was exempt, under § 7m of the General Property Tax Act, MCL 211.7m; MSA 7.7(4j), from taxes assessed by the city of Detroit for the tax years 1992 through 1997. The tribunal, relying on a 1992 decision of the tribunal that answered the identical controversy for the same parties concerning the tax year 1991, ruled on April 28, 1997, that res judicata precluded reconsideration of the factual or legal questions underlying its decision in favor of the county in 1992. The tribunal granted summary disposition in favor of the county, declining to reconsider the question of the building's tax-exempt status on its merits. The city appealed, arguing that the doctrine of res judicata does not apply to decisions of the Tax Tribunal.

The Court of Appeals *held*:

The preclusion doctrines of res judicata and collateral estoppel apply to matters determined in litigation before the Tax Tribunal. The tribunal properly applied the doctrine of res judicata because the parties, material facts (except for the tax years concerned), and governing legislation involved in the past and present controversies were identical.

Affirmed.

1. TAXATION — TAX TRIBUNAL — DECISIONS — RES JUDICATA.

The doctrine of res judicata applies to quasi-judicial administrative decisions; the Tax Tribunal is a quasi-judicial agency whose decisions are intended to be final decisions on the merits, subject to appeal as of right to the Court of Appeals; the applicability of principles of preclusion is presumed with regard to tribunal decisions, absent legislative intent to the contrary (MCL 205.753[1]; MSA 7.650[53][1]).

2. TAXATION — TAX TRIBUNAL — DECISIONS — RES JUDICATA — COLLATERAL ESTOPPEL.

The preclusion doctrines of res judicata and collateral estoppel apply to matters determined in litigation before the Tax Tribunal.

*Jennifer M. Granholm*, Corporation Counsel, and *Mary M. Nassar*, Assistant Corporation Counsel, for the county of Wayne.

*Kasiborski, Ronayne & Flaska* (by *Chester E. Kasiborski, Jr.*, and *John J. Ronayne, III*), and City of Detroit, Law Department (by *Stuart Trager* and *Dennis M. Taubitz*), for the city of Detroit.

Before: O'Connell, P.J., and Gribbs and Talbot, JJ.

O'Connell, P.J. This case presents the question whether the doctrine of res judicata operates to prevent a party from renewing a cause of action before the state Tax Tribunal where the tribunal resolved the identical controversy for the identical parties in an adjudication concerning an earlier tax year. We hold that it does.

At issue is the Wayne County Building, at 600 Randolph in Detroit, and whether respondent city of Detroit may assess taxes against it. Section 7m of the General Property Tax Act, MCL 211.7m; MSA 7.7(4j), establishes an exemption from taxation for "[p]roperty owned by, or being acquired pursuant to, an installment purchase agreement by a county . . . used for public purposes . . . ." The history of the Wayne County Building has given rise to a question whether the building comes under that exemption. The Michigan Tax Tribunal answered this question in the affirmative following formal proceedings concerning the tax year 1991. *Wayne Co v Detroit*, 7 MTTR 327 (Docket No. 110922, January 21, 1992). The city of Detroit nonetheless assessed the building for taxes for the tax years 1992 through 1997, prompting the instant controversy. The Tax Tribunal ruled that res judicata precluded reconsideration of the factual or

legal questions underlying its decision concerning the tax year 1991, and thus granted Wayne County summary disposition on that basis, declining to reconsider the question of the building's tax-exempt status on its merits. 9 MTTR 765 (Docket Nos. 173694, 191894, April 28, 1997). The city of Detroit appealed. We affirm.

We review applications of res judicata, as well as decisions regarding motions for summary disposition, de novo as questions of law. *Phinisee v Rogers*, 229 Mich App 547, 551-552; 582 NW2d 852 (1998). Under the doctrine of res judicata, "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." Black's Law Dictionary (6th ed, 1990), p 1305. The doctrine operates where the earlier and subsequent actions involve the same parties or their privies, the matters of dispute could or should have been resolved in the earlier adjudication, and the earlier controversy was decided on its merits. *Energy Reserves, Inc v Consumers Power Co*, 221 Mich App 210, 215-216; 561 NW2d 854 (1997).

The city of Detroit argues that the doctrine of res judicata does not apply to decisions of the Tax Tribunal. We disagree. Res judicata applies to quasi-judicial administrative decisions. *Standard Automotive Parts Co v Employment Security Comm*, 3 Mich App 561, 570; 143 NW2d 135 (1966). The Tax Tribunal is a " 'quasi-judicial agency.' " *Kostyu v Dep't of Treasury*, 170 Mich App 123, 128; 427 NW2d 566 (1988), quoting *Wikman v Novi*, 413 Mich 617, 629; 322 NW2d 103 (1982). Its decisions are subject to appeal as of right

to this Court. MCL 205.753(1); MSA 7.650(53)(1). Because by its nature the appeal process does not contemplate a new, original action, decisions of the tribunal are clearly intended to be final decisions on the merits. See *Dearborn Heights School Dist No 7 v Wayne Co MEA/NEA*, 233 Mich App 120, 129-130; ___ NW2d ___ (1998), citing *Nummer v Dep't of Treasury*, 448 Mich 534, 551; 533 NW2d 250 (1995). Further, in the absence of legislative intent to the contrary, the applicability of principles of preclusion is presumed. *Dearborn Heights School Dist, supra* at 129, citing *Nummer, supra* at 548, and *Lumley v Univ of Michigan Bd of Regents*, 215 Mich App 125, 133; 544 NW2d 692 (1996). For these reasons, where, as here, identical parties raise again issues and defenses that were resolved in earlier proceedings before the tribunal, res judicata operates to bind the parties to the earlier result.

The city of Detroit does not suggest that the elements for application of res judicata are not present in this case, but instead relies on the ancient case of *Lake Shore & M S R Co v People*, 46 Mich 193; 9 NW 249 (1881), for the proposition that res judicata does not apply to decisions of the Tax Tribunal. In *Lake Shore*, the state successfully sued the defendant railroad in 1880 to recover taxes for the years 1872 and after, *id.* at 208. An earlier action concerning the same parties in the circuit court had resulted in a judgment restraining the collection of taxes for the years 1858 through 1861, *id.* at 207-208. The Supreme Court held that the earlier proceedings were "not *res adjudicata* against the State" in the later case, *id.* at 207 (emphasis in original), on the grounds that the latter involved a new controversy and a new cause of

action, even though the facts were "substantially alike," *id.* at 208. However, we note that the two proceedings concerned "substantially" similar facts, not identical facts. Further, in *Lake Shore,* "some" of the legal questions from the first proceedings were raised again, *id.*, not all. Because *Lake Shore* involved a subsequent proceeding concerning similar, not identical, facts, and some, not all, of the same issues, we do not read that case as holding that adjudications concerning tax matters are wholly exempt from application of the doctrine of res judicata.

Instead, we take guidance from the Supreme Court's more recent case of *Corp & Securities Comm v American Motors Corp,* 379 Mich 531; 152 NW2d 666 (1967). In that case, the Court cited res judicata and the broader concept of estoppel by judgment,[1] *id.* at 536, in declaring that the decision from an earlier case between a corporate taxpayer and a regulatory authority concerning the inclusion of the taxpayer's "reserve for deferred Federal income taxes" for purposes of computation of its annual franchise fee bound the parties regarding that issue through any litigation concerning subsequent years. *Id.* at 537. The Court's recognition of res judicata in the 1967 case surmounts any implication in the 1881 case that tax cases are not subject to preclusion doctrines.

Nor are we persuaded by the city of Detroit's public policy arguments. Indeed, public policy would be poorly served if, in the face of unchanged circum-

---

[1] "Estoppel by judgment," also known as "issue preclusion," is the doctrine according to which "when a fact has been agreed on, or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as judgment or decree stands unreversed." Black's Law Dictionary (6th ed, 1990), p 551.

stances, taxing authorities were at liberty to renew annually the assessment of taxes against a taxpayer who had won recognition of a right to avoid those taxes.

Accordingly, we agree with the judgment below that the preclusion doctrines of res judicata and collateral estoppel apply to matters determined in litigation before the state Tax Tribunal. See *Xerox Corp v Kalamazoo*, 76 Mich App 150, 154; 255 NW2d 797 (1977) (presuming the general applicability of res judicata to Tax Tribunal adjudications while holding that the tribunal applied the doctrine in error in that instance); *Chicago Pneumatic Tool Co v Mich Dep't of Treasury*, 4 MTTR 202, 203-204 (Docket No. 48842, March 20, 1986) (expressly invoking res judicata). In this case, because the parties, material facts (except for the tax years concerned), and governing legislation involved in the past and present controversies were identical, the Tax Tribunal correctly held that res judicata brought the earlier adjudication to bear on the instant controversy. The tribunal thus properly declined to reconsider the merits of the case, and we likewise need not reach them.

Affirmed.