VERBRUGGHE v SELECT SPECIALTY
HOSPITAL-MACOMB COUNTY, INC (ON REMAND)

Docket No. 263686. Submitted June 24, 2008, at Lansing. Decided July
24, 2008, at 9:05 a.m. Leave to appeal sought.

Suzanne Verbrugghe, as personal representative of the estate of
George Verbrugghe, deceased, brought an action in the Macomb
Circuit Court against Select Specialty Hospital-Macomb County,
Inc., and others, claiming medical malpractice. The plaintiff is the
second personal representative of the decedent's estate. The first
personal representative brought a similar suit that was dismissed
on the basis that the period of limitations had expired. However,
just before the dismissal, the plaintiff was appointed as the
successor personal representative, replaced the initial personal
representative on the caption of the complaint, and filed the
instant second lawsuit. The court, Richard L. Caretti, J., dismissed
this second lawsuit with prejudice, ruling that the action was not
filed within the period of limitations, that res judicata barred the
action, and that the plaintiff failed to file a notice of intent to sue
as required by MCL 600.2912b(1). The plaintiff appealed. The
Court of Appeals, MURRAY, P.J., and JANSEN and KELLY, JJ., held that
the plaintiff's claim was not barred by the statute of limitations
because it was timely filed under MCL 600.5852, as enforced by
*Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29
(2003), and that the second lawsuit was not barred on res judicata
grounds because the dismissal of the first lawsuit on statute of
limitations grounds did not constitute an adjudication on the
merits for the purposes of res judicata, but the Court also held that
the second lawsuit was subject to dismissal without prejudice
because the successor personal representative failed to serve
notice of intent before commencing the lawsuit. The Court of
Appeals therefore reversed the trial court's order dismissing the
action with prejudice and remanded the case to the trial court for
the entry of an order of dismissal without prejudice. 270 Mich App
383 (2006). The Supreme Court, after holding the plaintiff's
application for leave to appeal in abeyance pending its decision in
another case and in lieu of granting leave to appeal, vacated the
judgment of the Court of Appeals and remanded the matter to the
Court of Appeals for reconsideration in light of *Washington v Sinai*

*Hosp of Greater Detroit*, 478 Mich 412 (2007), and *Braverman v Garden City Hosp*, 480 Mich 1159 (2008). 481 Mich 874 (2008).

On remand, the Court of Appeals *held*:

The Supreme Court held in *Washington* that the dismissal of an untimely complaint on statute of limitations grounds is an adjudication on the merits. The trial court's dismissal of the plaintiff's claim with prejudice must be affirmed on the ground that the second lawsuit was barred by res judicata because the first action was decided on the merits, the matter contested in the second action was or could have been resolved in the first, and the plaintiff represents the same legal right that the initial personal representative represented and both actions involve the same parties or their privies.

Affirmed.

LIMITATION OF ACTIONS — RES JUDICATA.

The dismissal of an untimely complaint on statute of limitations grounds is an adjudication on the merits for purposes of res judicata.

*Hertz Schram P.C.* (by *Steve J. Weiss* and *Gary P. Supanich*) for Suzanne Verbrugghe.

*Couzens, Lansky, Fealk, Ellis, Roeder & Lazar, P.C.* (by *Karen W. Magdich*), for Select Specialty Hospital-Macomb County, Inc.

*Plunkett & Cooney* (by *Joseph F. Babiarz, Jr.*, and *Robert G. Kamenec*) for Arsenio V. De Leon, M.D.

ON REMAND

Before: MURRAY, P.J., and JANSEN and KELLY, JJ.

PER CURIAM.

### I. INTRODUCTION

This case is before us on remand from our Supreme Court, which vacated our original judgment and remanded to this Court for reconsideration in light of

*Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412; 733 NW2d 755 (2007), and *Braverman v Garden City Hosp*, 480 Mich 1159 (2008). See *Verbrugghe v Select Specialty Hosp Macomb Co, Inc*, 481 Mich 874 (2008).

In our original opinion, we addressed the second medical-malpractice lawsuit filed on behalf of the estate of George Verbrugghe against these defendants. In the first lawsuit, the Macomb Circuit Court dismissed the case on statute of limitations grounds, a decision that we upheld in an unpublished opinion. See *Verbrugghe v Select Specialty Hospital-Macomb Co, Inc,* unpublished opinion per curiam of the Court of Appeals, issued March 23, 2006 (Docket No. 262748). However, just before that first dismissal, a successor personal representative was appointed. The successor representative not only replaced the initial representative on the caption of the complaint before the dismissal occurred in the first lawsuit, but she also filed the instant second lawsuit in the same circuit court.

The trial court also dismissed the second lawsuit with prejudice on statute of limitations grounds, MCR 2.116(C)(7), as well as on the alternative grounds of res judicata and failure to file a notice of intent. On appeal, we held that (1) plaintiff's claim was not time-barred by the statute of limitations because it was timely filed under MCL 600.5852, as enforced by *Eggleston v Bio-Medical Applications of Detroit, Inc,* 468 Mich 29; 658 NW2d 139 (2003), (2) the second lawsuit was not barred by res judicata because the dismissal of the first lawsuit "on statute of limitations grounds did not constitute an adjudication on the merits for purposes of res judicata," but (3) the second lawsuit "was subject to dismissal [without prejudice] because the successor personal representative failed to serve a notice of intent on defen-

dants . . . ." *Verbrugghe v Select Specialty Hospital-Macomb Co, Inc*, 270 Mich App 383, 396-397; 715 NW2d 72 (2006). We therefore reversed the trial court's order dismissing this case with prejudice and remanded for entry of an order of dismissal without prejudice. *Id.* at 397.

## II. ANALYSIS

After consideration of *Washington*, we affirm the trial court's order dismissing the case with prejudice on the ground that the second lawsuit was barred by res judicata.

The determination whether res judicata bars a lawsuit involves a question of law, which we review de novo. *Chestonia Twp v Star Twp*, 266 Mich App 423, 428; 702 NW2d 631 (2005), citing *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004). In *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999), the Supreme Court outlined the general principles governing res judicata:

> Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. *Eaton Co Bd of Co Rd Comm'rs v Schultz*, 205 Mich App 371, 375; 521 NW2d 847 (1994). A second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies. *Id.* at 375-376.

In *Washington*, our Supreme Court held that the dismissal of an untimely complaint on statute of limitations grounds is "an adjudication on the merits." *Washington, supra* at 414, 417, 419. Since plaintiff's complaint is identical to the first complaint that was dismissed, it follows that the matter contested in the second action was or could have been resolved in the first. *Id.* at 420-421. And, since plaintiff represents the

same legal right that the initial personal representative represented, both actions involve the same parties or their privies. *Id.* at 422. We therefore affirm the dismissal of plaintiff's claim with prejudice on the ground that it is barred by res judicata.[1] *Id.* at 419-422; *Dart, supra* at 586.

Affirmed.

---

[1] In her motion for supplemental briefing on remand, plaintiff, quoting *Mullins v St Joseph Mercy Hosp*, 480 Mich 948 (2007), argues that under the Supreme Court's order in *Mullins*, the initial complaint of the first personal representative, Steven Verbrugghe, may have been improperly dismissed because *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004), may not have been applicable because the initial lawsuit was one allegedly " 'filed after *Omelenchuk v City of Warren*, 461 Mich 567 [609 NW2d 177] (2000) was decided in which the saving period expired, i.e., two years had elapsed since the personal representative was appointed, sometime between the date that *Omelenchuk* was decided and within 182 days after *Waltz* was decided.' " If that is the case, plaintiff argues, the initial lawsuit and dismissal could not form the basis for res judicata in this case. However, since the trial court has yet to determine whether the initial complaint should be reinstated pursuant to MCR 2.612(C)(1)(e) and (f), it cannot impact our decision today. If the trial court elects to reinstate the first lawsuit, the personal representative of the Verbrugghe estate will be able to pursue the claims through the first complaint in the initial lawsuit, rendering moot plaintiff's request to reverse the trial court's order dismissing the second lawsuit.