# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL LUKE MEIER,

      Plaintiff-Appellant,

v

AMANDA MEGAN BERGER and ALLSTATE
PROPERTY AND CASUALTY INSURANCE
COMPANY,

      Defendants-Appellees.

UNPUBLISHED
September 27, 2018

No. 336946
Wayne Circuit Court
LC No. 16-006718-NI

Before: CAVANAGH, P.J., and STEPHENS and SWARTZLE, JJ.

PER CURIAM.

Plaintiff Daniel Luke Meier appeals as of right the trial court's order dismissing his claims against defendants Amanda Megan Berger and Allstate Property and Casualty Insurance Company (Allstate). The trial court granted summary disposition in favor of Berger under MCR 2.116(C)(7) (claim previously litigated) and granted Allstate's motion to dismiss the complaint because plaintiff had failed to comply with the trial court's discovery order. We affirm.

This case arises from plaintiff's claim that Berger drove negligently on June 3, 2013, causing him serious injury when her automobile collided with the bicycle he was riding. This is plaintiff's second lawsuit against Berger involving the same accident. The first was summarily dismissed and, on appeal, this Court dismissed plaintiff's appeal for failure to conform to court rules. *Meier v Burger*, unpublished order of the Court of Appeals, issued November 18, 2013 (Docket No. 329799).

On appeal in this case, plaintiff argues that the trial court erred in granting Allstate's motion to dismiss due to plaintiff's failure to comply with the trial court's discovery order, denying plaintiff's motion to default Allstate for failing to answer the complaint, granting Berger's motion for summary disposition under MCR 2.116(C)(7), and denying plaintiff's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) and (C)(9) (failure to defend).

-1-

# I. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's decision whether to dismiss a case as sanction for discovery abuses, as well as its decision to grant or deny a default judgment. *Huntington Nat Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011); *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 89; 618 NW2d 66 (2000). The trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). The Court reviews de novo issues of law involving application of the court rules. *Bullington v Corbell*, 293 Mich App 549, 554; 809 NW2d 657 (2011). A trial court's determination regarding a motion for summary disposition is reviewed de novo. *Kuznar v Raksha Co*, 481 Mich 169, 175; 750 NW2d 121 (2008). This Court also reviews de novo as a question of law a trial court's determination that res judicata prevented a subsequent suit. *Stoudemire v Stoudemire*, 248 Mich App 325, 332; 639 NW2d 274 (2001).

# II. MOTION TO DISMISS

Plaintiff first argues that the trial court erred in granting Allstate's motion to dismiss under MCR 2.504(B) and MCR 2.313(B) due to plaintiff's failure to comply with the trial court's discovery order. MCR 2.504(B)(1) provides that a defendant may move for the dismissal of an action if the plaintiff fails to comply with the court rules or a court order. MCR 2.313(B)(2)(c) offers a number of possible sanctions that a trial court may impose against a party for failing to comply with a discovery order, including entering an order dismissing a proceeding or rendering a judgment by default.

A sanction of dismissal of a plaintiff's claim is drastic, such that a trial court should evaluate whether the sanction is appropriate under the circumstances of the case. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 164-165; 792 NW2d 749 (2010). The trial court may consider the following factors when determining whether dismissal is appropriate in response to a discovery violation:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses); (3) the prejudice to the defendant; (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice; (5) whether there exists a history of plaintiff's engaging in deliberate delay; (6) the degree of compliance by the plaintiff with other provisions of the court's order; (7) an attempt by the plaintiff to timely cure the defect[;] and (8) whether a lesser sanction would better serve the interests of justice. [*Id*. at 165.]

In *Thorne v Bell*, 206 Mich App 625, 632-633; 522 NW2d 711 (1994), this Court mentioned other factors for consideration, such as "whether the failure to respond to discovery requests extends over a substantial period of time, whether an existing discovery order was violated, [and] the amount of time that has elapsed between the violation and the motion for a default judgment." The sanction of dismissal is used in circumstances of "a flagrant and wanton refusal to facilitate discovery," and is typically accompanied by "a history of recalcitrance or deliberate noncompliance with discovery orders." *Id*. at 633-634. Although it is a drastic measure, a trial

court need not consider or impose a series of lesser sanctions before dismissing an action. *Bass v Combs*, 238 Mich App 16, 35; 604 NW2d 727 (1999), overruled on other grounds *Dimmit & Owens Fin, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618; 752 NW2d 37 (2008).

On July 12, 2016, Allstate filed a request for admissions, interrogatories, and documents covering such topics as allowable expenses, work-loss benefits, and replacement-service benefits. On October 28, 2016, Allstate filed a motion to compel discovery answers to interrogatories and to deem its requests for admissions admitted because plaintiff had not responded to its previous request. The trial court granted Allstate's motion to compel plaintiff's discovery responses and ordered that plaintiff had 14 days to comply with Allstate's request. Plaintiff failed to comply within the ordered period.

Subsequently, on January 4, 2017, Allstate filed a motion to dismiss plaintiff's claim for failure to comply with the trial court's discovery order. Alternatively, Allstate requested that the trial court compel discovery and deem Allstate's requests for admissions admitted. Plaintiff responded to Allstate's discovery request on January 25, 2017, including submitting answers to requests for admissions and interrogatories. At a January 27, 2017 hearing, Allstate argued that the case should have been dismissed after plaintiff failed to comply with the trial court's discovery order. The trial court granted Allstate's motion to dismiss because plaintiff failed to comply with the trial court's order.

The trial court did not discuss on the record its consideration of the factors involved or provide reasoning for its decision to dismiss plaintiff's claims against Allstate instead of imposing a less severe sanction authorized by MCR 2.313(B)(2). While the trial court should have explained its reasoning for choosing dismissal over a lesser sanction, we conclude that the error did not rise to the level of an abuse of discretion. Where a sanction less than dismissal "would not better serve the interests of justice," dismissal is proper as a sanction. *North v Dept of Mental Health*, 427 Mich 659, 662; 397 NW2d 793 (1986). Such severe sanction is appropriate "when a party flagrantly and wantonly refuses to facilitate discovery, not when the failure to comply with a discovery request is accidental or involuntary." *Kalamazoo Oil Co*, 242 Mich App at 86, citing *Traxler v Ford Motor Co*, 227 Mich App 276, 286; 576 NW2d 398 (1998).

As the record confirms, plaintiff had not supplied crucial information to Allstate denoting which benefits he claimed he was entitled. Whether plaintiff's noncompliant conduct interfered with appropriate attempts to discover information vital to the proper development and presentation of the case is a consideration in determining the appropriate sanction. *Bellok v Koths*, 163 Mich App 780, 783; 415 NW2d 18 (1987). Also, plaintiff missed several opportunities over a long period of time to comply with Allstate's request and then the trial court's order. Allstate filed the original request for discovery on July 12, 2016, and filed the motion to compel discovery over three months later, on October 28, 2016. The trial court ordered plaintiff to comply with Allstate's discovery requests within 14 days on December 6, 2016, and Allstate filed a motion to dismiss or compel discovery on January 4, 2017. The trial court dismissed plaintiff's claims against Allstate for failure to comply with the trial court's order at the January 27, 2017 hearing.

In the more than six months that the trial court made available to plaintiff to provide discovery responses, plaintiff filed several motions without providing the information or producing a supported legal argument exempting him from providing the information to Allstate. Plaintiff's response to Allstate's motion to compel discovery responses was that Allstate had already obtained plaintiff's response to its discovery requests during the previous lawsuit against Berger, and Allstate did not have legal standing to request anything from plaintiff because Allstate owed plaintiff money. Plaintiff's response to defendant's motion to dismiss or compel discovery included a recounting of the history of the previous lawsuit and claims that Allstate's liability had been established by a case-evaluation panel. Plaintiff also submitted a response to Allstate's reply regarding discovery requests stating that Allstate was in default, that Allstate's liability had been established, and that Allstate had discovery information from the previous lawsuit.

Thus, plaintiff's responses over an extended period of time evidence an intent to withhold discovery and to not participate properly in the proceedings as ordered. Additionally, it was not clear that a sanction less than dismissal would have assisted plaintiff in following the order as the discovery information requested was basic to plaintiff's claims and Allstate's defense, and admitting the request for admissions would be fatal to plaintiff's claims. Given the effort plaintiff exerted to assert the intractability of his refusal to provide the discovery responses, it was evident that plaintiff "flagrantly and wantonly refuse[d] to facilitate discovery," and the trial court's dismissal was within the range of reasonable and principled outcomes. *Kalamazoo Oil Co*, 242 Mich App at 86, citing *Traxler*, 227 Mich App at 286.

## III. DEFAULT

Next, plaintiff argues that the trial court erred in denying his motion for default judgment against Allstate. A defendant has 21 days in which to file an answer after service of the summons and complaint. MCR 2.108(A)(1); *Huntington Nat'l Bank*, 292 Mich App at 382. "If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk must enter the default of that party." MCR 2.603(A)(1).

Plaintiff attempted to serve Allstate by serving the summons and complaint on Berger's attorney. This was insufficient to effect service on Allstate under MCR 2.105. Because plaintiff did not properly serve Allstate, the time period for Allstate's answer had not extinguished when plaintiff sought a default against the insurer. The trial court did not abuse its discretion in denying plaintiff's motion for a default judgment against Allstate. *Huntington Nat Bank*, 292 Mich App at 383.

## IV. RES JUDICATA

Next, plaintiff argues that the trial court erred in granting Berger's motion for summary disposition. A trial court may grant summary disposition on the basis of res judicata under MCR 2.116(C)(7). *Eaton Co Bd of Co Rd Comm'rs v Schultz*, 205 Mich App 371, 375; 521 NW2d 847 (1994). In considering a motion under MCR 2.116(C)(7), the court may consider all affidavits, pleadings, and other documentary evidence, construing them in the light most

favorable to the nonmoving party. *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 245-246; 590 NW2d 586 (1998).

The purpose of the doctrine of res judicata is to prevent multiple suits litigating the same cause of action. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 418; 733 NW2d 755 (2007). Describing the operation of the doctrine of res judicata, this Court has stated that "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Wayne Co v City of Detroit*, 233 Mich App 275, 277; 590 NW2d 619 (1998) (internal citation and quotation marks omitted). The doctrine bars a second, subsequent action when "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Verbrugghe v Select Specialty Hosp-Macomb Co, Inc*, 279 Mich App 741, 744-745; 760 NW2d 583 (2008) (internal citation and notation omitted). Michigan courts apply the doctrine broadly to bar not only claims already litigated, "but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004).

Plaintiff previously filed a lawsuit against Berger on October 15, 2013,[1] alleging that Berger's negligent driving on June 3, 2013, caused her to collide with plaintiff's bicycle resulting in injury to plaintiff. The complaint in the instant case against Berger and Allstate also alleges that Berger's negligent driving on June 3, 2013, caused her to collide with plaintiff's bicycle resulting in injury to plaintiff. Thus, the current case involves the same party, Berger, the identical facts, and the same claims. On September 8, 2015, the trial court granted Berger's motion for summary disposition in the previous case, and the trial court subsequently denied plaintiff's motion for reconsideration. The grant of summary disposition acts as an adjudication on the merits which bars relitigation on the basis of res judicata. *Mable Cleary Trust v Marlah Muzyl Trust*, 262 Mich App 485, 510; 686 NW2d 770 (2004), overruled on other grounds *Titan Ins Co v Hyten,* 491 Mich 547; 817 NW2d 562 (2012). In this case, the trial court found, "I sat through the first case; that was absolutely res judicata on any case that you could ever file arising from the same accident." Thus, because plaintiff's previous lawsuit was decided on the merits, the matter in the instant case was also contested in the previous case, and plaintiff filed against Berger in both cases, the trial court did not err in granting Berger's motion for summary disposition according to MCR 2.116(C)(7).

## V. PLAINTIFF'S MOTION FOR SUMMARY DISPOSITION

Lastly, plaintiff argues that the trial court erred in denying his motion for summary disposition according to MCR 2.116(C)(10) (no genuine issue of material fact) and MCR 2.116(C)(9) (failure to defend). As discussed above, the trial court found correctly that plaintiff's claims against Berger were barred by res judicata and granted her motion for summary

---

[1] LC No. 13-013426-NI.

disposition according to MCR 2.116(C)(7). Thus, plaintiff's motion for summary disposition in his favor was moot because his claims were precluded by operation of res judicata.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle