*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIFFANI KING,

        Plaintiff-Appellant,

v

BARBARA MUNRO and THE MICHIGAN
GROUP, INC.—LIVINGSTON, doing business as
RE/MAX PLATINUM,

        Defendants-Appellees.

UNPUBLISHED
July 23, 2019

No. 341714
Oakland Circuit Court
LC No. 2016-156337-NO

Before: RONAYNE KRAUSE, P.J., and METER and STEPHENS, JJ.

PER CURIAM.

In this negligence action, plaintiff appeals by right the circuit court's order granting summary disposition to defendants under MCR 2.116(C)(7), concluding that plaintiff was collaterally estopped from bringing a claim predicated on the presence of mold in a home she was leasing. We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

On October 18, 2012, plaintiff signed a two-year lease on a home with defendant Barbara Munro, who was the owner and landlord of the property. The Michigan Group Inc. Livingston, doing business as Re/Max Platinum (Re/Max) was the property's listing agent and alleged management agent. Plaintiff paid Munro a $3,000 security deposit and rent was set at $2,000 per month. The lease began in December 2012 and, in due course, would have concluded in November 2014. Citing maintenance issues—including the presence of black mold in the home—plaintiff stopped paying rent on the property in October 2014, allegedly depositing the unpaid rent in an escrow account. Plaintiff vacated the home in early November 2014.

That same month, Munro filed a summary-proceedings action in the district court, seeking payment of $4,410 in overdue rent.[1] Plaintiff defended against the suit, asserting that she could not be held liable for the overdue rent because the home was uninhabitable due to the presence of mold. The district court set a pretrial hearing 45 days out so that Munro would have an opportunity to investigate the mold issue. At the pretrial hearing, the parties informed the district court that they had agreed to a settlement by which plaintiff would forfeit her $3,000 security deposit to Munro and the non-payment-of-rent claim would be dismissed as well as any property-damage claim Munro had against plaintiff.

Almost a year later, on December 9, 2016, plaintiff filed a complaint in the circuit court against Munro and Re/Max alleging that defendants negligently maintained the leased home in violation of MCL 554.139 by allowing black mold to grow that caused plaintiff to become ill with several conditions related to toxic mold exposure. Defendants moved for summary disposition, arguing that the doctrines of collateral estoppel and res judicata barred plaintiff from bringing the negligence action because all issues between the parties had been decided in the district-court case, including those pertaining to mold.

The circuit court reasoned that, because plaintiff's defense to the nonpayment claim was the presence of mold, the stipulated order of dismissal brought the mold issue to a full resolution. Accordingly, the circuit court concluded that plaintiff was collaterally estopped from bringing a negligence claim related to the presence of mold[2] and granted defendants' motion for summary disposition. This appeal followed.

II. ANALYSIS

Plaintiff challenges the circuit court's summary-disposition ruling, arguing that neither the doctrine of collateral estoppel nor the doctrine of res judicata barred her claim. A trial court may grant summary disposition on the basis of either doctrine under MCR 2.116(C)(7). *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 246; 590 NW2d 586 (1998); *Eaton Co Bd of Co Rd Comm'rs v Schultz*, 205 Mich App 371, 375; 521 NW2d 847 (1994). "We review de novo a trial court's grant or denial of summary disposition." *Tomra of North America, Inc v Dep't of Treasury*, 325 Mich App 289, 293-294; 926 NW2d 259 (2018). "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015) (internal citation and quotation marks omitted). Collateral estoppel and res judicata present questions of law reviewed de novo by this Court. *Garrett v Washington*, 314 Mich App 436, 440-441; 886 NW2d 762 (2016); *Holton v Ward*, 303 Mich App 718, 731; 847 NW2d 1 (2014).

---

[1] Munro also sought eviction of plaintiff from the property, which became a non-issue after plaintiff voluntarily vacated the property two days later.

[2] The circuit court did not address res judicata.

## A. COLLATERAL ESTOPPEL

The doctrine of collateral estoppel "precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in that prior proceeding." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 528-529; 866 NW2d 817 (2014). "Generally, application of collateral estoppel requires (1) that a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) that the same parties had a full and fair opportunity to litigate the issue, and (3) mutuality of estoppel." *Id*. at 529.

Here, the essential question of fact is the presence of mold in the leased home. We agree with plaintiff that this question was not one of the essential questions actually litigated in the prior case and resolved by the prior judgment. "[T]he common ultimate issues must have been both actually and necessarily litigated." *Id*. "To be actually litigated, a question must be put into issue by the pleadings, submitted to the trier of fact, and determined by the trier." *Id*. "In the subsequent action, the ultimate issue to be concluded must be the same as that involved in the first action. The issues must be identical, and not merely similar." *Id*. (internal citations omitted)

While plaintiff raised the presence of mold as an affirmative defense to the nonpayment action, the parties' stipulation to dismiss the case prevented any finding on that issue. The order dismissing the case provided only that "[Munro] will retain security deposit of $3,000.00 as damages. This order disposes of non-payment of rent and possession claims and [Munro's] property damage claim." Mold was not mentioned at the hearing to dismiss the case and is not mentioned in the order. The trial court made no determination whether mold was present in the home and the dismissal does not hinge on the presence or absence of mold. The order dismissed only Munro's claims against plaintiff and there is no other evidence from which this Court can conclude that the parties intended to resolve or prevent any other claim plaintiff may have harbored. Thus, because the presence of mold in the home was not determined in the prior action, we conclude that the circuit court erred by finding that plaintiff was collaterally estopped from raising that issue in a separate claim.

## B. RES JUDICATA

The purpose of the doctrine of res judicata is to prevent multiple suits litigating the same cause of action. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 418; 733 NW2d 755 (2007). "Under the doctrine of res judicata, a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Wayne Co v City of Detroit*, 233 Mich App 275, 277; 590 NW2d 619 (1998) (internal citation and quotation marks omitted). The doctrine bars a second, subsequent action when "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Verbrugghe v Select Specialty Hosp-Macomb Co, Inc*, 279 Mich App 741, 744; 760 NW2d 583 (2008) (internal citation and block notation omitted). Michigan courts apply the doctrine broadly to bar "not only claims already litigated, but also every claim

arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004).

Given its ruling on collateral estoppel, the circuit court did not address the parties' arguments regarding res judicata. Nonetheless, on appeal, defendants argue that, even if collateral estoppel did not bar plaintiff's claim, res judicata barred plaintiff's claim because the ultimate issue in this case was litigated before the district court. Contrary to defendants' argument, we have already concluded that the presence of mold was not litigated to a factual conclusion in the district-court proceedings.

Moreover, as the parties appear to recognize, plaintiff was not required to bring her negligence action in the prior proceedings. Summary-eviction proceedings are governed, in pertinent part, by MCL 600.5750, which provides:

> The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, except that a judgment for possession after forfeiture of an executory contract for the purchase of premises shall merge and bar any claim for money payments due or in arrears under the contract at the time of trial and that a judgment for possession after forfeiture of such an executory contract which results in the issuance of a writ of restitution shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ. The plaintiff obtaining a judgment for possession of any premises under this chapter is entitled to a civil action against the defendant for damages from the time of forcible entry or detainer, or trespass, or of the notice of forfeiture, notice to quit or demand for possession, as the case may be.

Interpreting this provision, our Supreme Court has concluded that, "the Legislature took these cases outside the realm of the normal rules concerning merger and bar in order that attorneys would not be obliged to fasten all other pending claims to the swiftly moving summary proceedings." *Sewell v Clean Cut Mgt, Inc*, 463 Mich 569, 574; 621 NW2d 222 (2001) (internal citation and quotation marks omitted).

Accordingly, because plaintiff was not required to bring her negligence claim in the summary-eviction proceedings and the district court did not otherwise resolve the claim, res judicata does not bar plaintiff from bringing a negligence claim in the circuit court. Therefore, because neither collateral estoppel nor res judicata barred plaintiff's claim, we reverse the circuit court's grant of summary disposition to defendant under MCR 2.116(C)(7) and remand for further proceedings consistent with this opinion. As the prevailing party, plaintiff may tax costs pursuant to MCR 7.219. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Patrick M. Meter
/s/ Cynthia Diane Stephens