*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THERESA DELINCK,

       Plaintiff/Counterdefendant-Appellant,

v

JOSEPH DEFINA and DANIELLE DEFINA,

       Defendants/Counterplaintiffs-
       Appellees.

UNPUBLISHED
November 10, 2022

No. 358094
Hillsdale Circuit Court
LC No. 21-000217-CZ

Before: GARRETT, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing her complaint on the basis of the doctrine of res judicata. We affirm.

This case arises from a dispute between family members. Defendants are plaintiff's daughter and son-in-law. In 2016, plaintiff provided a no-interest mortgage loan to defendants, who used the loan to purchase the subject property. In exchange for the loan, defendants granted plaintiff a life estate in the property. The parties, along with defendants' children, lived together at the subject property until relations between the parties soured and plaintiff left.

In May 2018, plaintiff sued defendants, raising multiple claims related to the property and the parties' contractual relations, including a claim for partition of the property. Before trial, however, plaintiff voluntarily dismissed all of her claims except one breach-of-contract claim. On April 11, 2019, a jury returned a verdict finding that the parties had a contract and that defendants had granted plaintiff a life estate in the subject property, but that defendants did not breach the contract. Plaintiff then moved back into the house with her new husband.

In May 2019, defendants sued plaintiff raising various claims, and plaintiff counterclaimed asking, among other things, that the court partition the property. Both parties moved for summary disposition, arguing that the other party's claims were barred by the doctrine of res judicata. The trial court agreed with both parties and accordingly dismissed all claims as being barred by res judicata. This Court affirmed that ruling on appeal. See *Defina v Delinck*, unpublished per curiam opinion of the Court of Appeals, issued January 21, 2021 (Docket No. 351610), p 2-4.

Afterwards, plaintiff filed the instant complaint, again asking the trial court to partition the property. Plaintiff alleged that this new complaint was based on "new facts"—plaintiff alleged that, after the orders in the previous case were entered, plaintiff made known her intentions of using her life estate, but defendants denied her use of the property. Defendants moved to dismiss this new partition claim on the basis of res judicata. The trial court agreed and granted defendants' motion on July 19, 2021. This appeal followed.

Plaintiff argues that the trial court erred in barring her complaint for partition on the basis of res judicata because her current partition action was a new one based on facts that occurred after the parties' previous case concluded. We disagree.

"We review de novo both a trial court's decision on a motion for summary disposition and its application of the legal doctrine of res judicata." *Garett v Washington*, 314 Mich App 436, 440-441; 886 NW2d 762 (2016).

"The purpose of the doctrine of res judicata is to prevent multiple suits litigating the same cause of action." *King v Munro*, 329 Mich App 594, 600-601; 944 NW2d 198 (2019). "Under the doctrine of res judicata, a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Wayne Co v Detroit,* 233 Mich App 275, 277; 590 NW2d 619 (1998). The doctrine applies when three elements are met: "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Verbrugghe v Select Specialty Hosp-Macomb Co, Inc*, 279 Mich App 741, 744; 760 NW2d 583 (2008) (quotation marks and citation omitted).

Plaintiff does not dispute that this action involves the same parties as the 2018 action, nor does she dispute that the 2018 action was decided on the merits. Instead, she contends that this "partition action is a ***new*** action based upon ***new facts*** that have ***not*** been previously litigated"— i.e., she contests the second element.

When determining whether the second element has been satisfied—"whether the matter in the second case was or could have been resolved in the first"—courts apply a broad "transactional test." *Adair v State*, 470 Mich 105, 123-125; 680 NW2d 386 (2004). The "determinative question is whether the claims in the instant case arose as part of the same transaction" as the claims in the earlier case. *Id.* at 125. "Whether a factual grouping constitutes 'a transaction' for purposes of res judicata is to be determined pragmatically" by considering whether the facts are related in time, space, origin or motivation, and whether they form a "convenient trial unit." *Id.* When the new action involves facts and events separate from those involved in the previous suit, the doctrine does not apply. *Ditmore v Michalik*, 244 Mich App 569, 577; 625 NW2d 462 (2001).

We believe there can be no serious dispute that plaintiff's 2021 complaint requesting partition is the same as her 2018 claim for partition and otherwise could have been resolved in her 2018 action. Plaintiff's current claim, like her entire 2018 action, stems from the parties' contractual relations with respect to the property. Contrary to plaintiff's assertions, her new complaint for partition does not allege any "new facts." It is nearly identical to her 2019 counterclaim for partition, which was dismissed as being barred by res judicata because that 2019

counterclaim could have been resolved in plaintiff's 2018 action. Plaintiff's 2019 counterclaim for partition alleged:

    9.      This court has jurisdiction to hear this matter pursuant to MCL 600.3301

    10.    Plaintiff has a right to bring this action pursuant to MCL 600.3304.

    11.    The property at issue is capable of geographic partition; it has separate living quarters with kitchenette and bathroom in the lowest level of the home, and an equal number of garage bays to tenants in common having a possessory interest in the home (three).

    12.    This court has authorization under its equitable powers to order a partition of the property pursuant to MCL 600.3301, in an equitable manner pursuant to MCL 600.3336, and in accordance with procedure pursuant to MCR 3.401 and 3.402.

Her current claim alleges:

    13.    MCL 600.3304 states: "All persons holding lands as joint tenants or as tenants in common may have those lands partitioned." MCL 600.3301 states that such actions are "equitable in nature."

    14.    MCL 600.3308 states: "Any person who has an estate in possession in the lands of which partition is sought may maintain a claim for partition of those lands . . ."

    15.    The property at issue has two separate living quarters, each with a bathroom and kitchen. The property has three garage bays. As such, it is Plaintiff's position that the property can be physically divided between the parties, with the [defendants] occupying the main living area of the home, and [plaintiff] occupying the basement living quarters. The [defendants] would have two garage bays, while [plaintiff] would have one.

    16.    Should this court determine that a physical partition is not reasonable or possible under the circumstances, this court has the power to order the property be sold and proceeds equitably divided, pursuant to MCL 600.3332.

        Thus, to summarize, plaintiff's initial action and the instant case involve the same parties; the initial action was decided on the merits; plaintiff's initial claim for partition was voluntarily dismissed by plaintiff but could have been decided and resolved during that initial litigation[1];

_____

[1] On appeal, plaintiff at one point contends that because she voluntarily dismissed her first partition claim without prejudice, she can bring a partition claim now. This ignores that a claim need not

plaintiff later brought a second claim for partition that was dismissed by the trial court on the basis of res judicata, and that ruling was affirmed on appeal; and her current claim for partition mirrors her claim for partition that was dismissed on the basis of res judicata. The claim raised in this action for partition is not new. Like her already-dismissed second claim for partition, plaintiff's current claim arises from the parties' contractual relations with respect to the property, and thus the same transactional foundation existed in both actions. See *Adair*, 470 Mich 124-125. Accordingly, the trial court properly concluded that plaintiff's current claim for partition is barred by the doctrine of res judicata.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Colleen A. O'Brien
/s/ James Robert Redford

---

be actually litigated in the first action to be barred by res judicata—it is enough if the claim "could have been resolved in the first" action. *Verbrugghe*, 279 Mich App at 744. See also *Adair*, 470 Mich at 121 ("This Court has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.").