*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEEPER OF THE WORD FOUNDATION, and
GREGORY J. REED & ASSOCIATES, PC,

        Plaintiffs-Appellants,

v

FIRST INDEPENDENCE BANK,

        Defendant-Appellee.

UNPUBLISHED
March 2, 2023

No. 361154
Wayne Circuit Court
LC No. 21-017337-CB

Before: K. F. KELLY, P.J., and MURRAY and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs appeal by right an order of the circuit court granting summary disposition to defendant. The trial court determined that plaintiffs' claims were barred as a matter of law because they were previously adjudicated to a final judgment by the district court. We reverse and remand for further proceedings.

## I. BACKGROUND

In December 2019, plaintiffs filed suit against defendant in the district court, alleging breach of contract and conversion for mismanaging plaintiff Keeper of the Word Foundation's $5,000 certificate of deposit (CD) and plaintiff Gregory J. Reed & Associates, PC's account. Plaintiffs alleged that Reed & Associates deposited its funds with defendant, and that plaintiff Keeper of the Word purchased a CD in 2005 from defendant. Plaintiffs claimed that defendant closed the Keeper of the Word's account after it matured one year after purchase and "refused to pay and redeem the CD" in 2018. Plaintiffs further alleged that Reed & Associates deposited $53,651 in an interest on lawyers' trust account (IOLTA), and defendant made false entries and material errors regarding the account and "refused to account for all the money deposited." The suit was dismissed with prejudice after the district court granted defendant's motion for summary disposition according to MCR 2.116(C)(2) (insufficient process) because plaintiffs failed to serve defendant and MCR 2.116(C)(4) (lack of subject-matter jurisdiction) as damages sought were greater than $25,000.

-1-

In December 2021, plaintiffs filed a complaint in the circuit court for breach of contract, "falsely recorded entry documents," and conversion, again alleging that defendant had mismanaged the CD and IOLTA account. Defendant moved for summary disposition, pursuant to MCR 2.116(C)(7), arguing that the claims in plaintiffs' complaint "were already adjudicated by order of dismissal, in the prior 36th District Court lawsuit." At a motion hearing, the trial court noted that the previous complaint and the instant one were "substantially identical," and reasoned that "the current suit is simply the re-filing of a prior claim that was dismissed by the prior court with prejudice and constitute[d] an improper collateral attack on the prior court's ruling." The trial court granted defendant's motion for summary disposition and dismissed the complaint.

On appeal, plaintiffs argue that the trial court erred by granting summary disposition to defendant because the district court and circuit court complaints were not identical, and alternatively, because the district court did not issue a decision on the merits of plaintiffs' allegations when it dismissed the suit for lack of jurisdiction. We hold that the district court dismissed that case for lack of subject-matter jurisdiction, that such a dismissal was not a decision on the merits, and therefore res judicata did not bar the circuit court action.

## II. STANDARDS OF REVIEW

A trial court's determination that res judicata prevented a subsequent suit is a question of law that this Court reviews de novo. *Stoudemire v Stoudemire*, 248 Mich App 325, 332; 639 NW2d 274 (2001). In considering a motion under MCR 2.116(C)(7), the trial court should consider all affidavits, pleadings, and other documentary evidence, construing them in the light most favorable to the nonmoving party. *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 246; 590 NW2d 586 (1998).

## III. RES JUDICATA

"Under the doctrine of res judicata, 'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.' " *Wayne Co v Detroit*, 233 Mich App 275, 277; 590 NW2d 619 (1998), quoting *Black's Law Dictionary* (6th ed, 1990), p 1305. The purpose of the doctrine is to prevent multiple suits from litigating the same cause of action. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 418; 733 NW2d 755 (2007) (citation omitted). Res Judicata bars a second action when " '(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies.' " *Verbrugghe v Select Specialty Hosp-Macomb Co, Inc* (*On Remand*), 279 Mich App 741, 744; 760 NW2d 583 (2008), quoting *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999). Michigan courts apply the doctrine broadly to bar not only claims already litigated, "but also every

claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004).[1]

In the circuit court case, plaintiffs alleged breach of contract, false recorded-entry documents, and conversion on the basis that defendant refused to account for, and otherwise mismanaged, the same $5,000 CD and $53,651 IOLTA account as those here at issue. The trial court stated that plaintiffs' district court "suit was dismissed with prejudice, and this Court lacks authority to rule otherwise," that the prior claim was not distinguishable from the instant one "simply because in the current suit Plaintiffs seek relief on different theories of liability," and concluded that the complaint was precluded and so dismissed according to MCR 2.116(C)(7).

Plaintiffs argue that the trial court erred by finding that its claims were previously litigated on the grounds that the instant complaint presented new claims "of intentional misrepresentation, false record entries, of unjust enrichment, violation of their 14th Amendment rights, negligence and breaches of the Michigan bank code." Plaintiffs assert that "[t]he claims must be identical not 'substantially' the same to apply res judicata," citing *Sewell v Clean Cut Mgt, Inc*, 463 Mich 569, 575; 621 NW2d 222 (2001) ("Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical."). However, again, "Res judicata bars every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 470 Mich at 123. Even though plaintiffs may "raise new theories of liability," a suit is barred when "proof of the same facts or evidence as required to sustain the previous action is necessary" to maintain the subsequent suit. *Jones v State Farm Mut Auto Ins Co*, 202 Mich App 393, 401-402; 509 NW2d 829 (1993). "[T]he determinative question is whether the claims in the instant case arose as part of the same transaction as did the claims" in the previous case. *Adair*, 470 Mich at 125.

Plaintiffs do not dispute that the same facts regarding the alleged mismanagement of two accounts with defendant form the basis of the complaints. Plaintiffs' adding a claim involving false entries in his account in violation of the Banking Code[2] did not expand the pertinent factual allegations. For these reasons, the trial court did not err by determining that "the matter contested in the second action was or could have been resolved in the first," and "both actions involve the same parties or their privies." See *Verbrugghe*, 279 Mich App at 744.

We disagree, however, with the trial court's conclusion that the district court matter was decided on the merits. " '[A] court speaks through its written orders and judgments.' " *In re Baham*, 331 Mich App 737, 747 n 6; 954 NW2d 529 (2020), quoting *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). Here, the district court order indicates that the matter was dismissed because defendant was not served, and the court lacked subject matter

---

[1] Michigan utilizes a "transactional approach," meaning that whether claims arose from the same transaction depends on the facts involved, regardless of variations in the relief requested, or in the evidence needed to support the claims. *Adair*, 470 Mich at 124.

[2] MCL 487.11101 *et seq.*

jurisdiction.[3] A court that has decided that it lacks jurisdiction over the subject matter of a claim is prevented from reaching the merits of the claim, and that outcome does not preclude subsequent litigation of that claim in a competent forum. *Estes v Titus*, 481 Mich 573, 585-586; 751 NW2d 493 (2008); *In re Quinney's Estate*, 287 Mich 329, 338-339; 283 NW 559 (1939) ("While a dismissal on the ground the court has no jurisdiction of the subject matter is a conclusive determination of want of jurisdiction, it is no adjudication of the merits and will not bar another action for the same cause."); MCR 2.504(B)(3) ("Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits.").[4] Because the district court's dismissal of plaintiffs' previous complaint under MCR 2.116(C)(4) for lack of subject matter jurisdiction did not constitute a prior decision on the merits, the trial court erred by granting defendant's motion for summary disposition on the basis of a prior adjudication.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Brock A. Swartzle

---

[3] A box on the order also indicates the dismissal was because there was no cause of action, but the reasons given by the court in the order did not pertain to the viability of any cause of action.

[4] When a court lacks jurisdiction, "no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly." *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 544; 260 NW 908 (1935). For this reason, any grounds for dismissal a court puts forward as an alternative to lack of jurisdiction—such as lack of service or no cause of action—is of no judicial authority unless it is later determined that the court had jurisdiction. Enforcing the district court's dismissal for lack of subject matter jurisdiction does not constitute a collateral attack on that prior judgment.