*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

       Plaintiff-Appellant,

v

SUE ELLEN RADULOVICH,

       Defendant-Appellee.

UNPUBLISHED
July 18, 2019

No. 341031
Wayne Circuit Court
LC No. 17-006042-AV

Before: RONAYNE KRAUSE, P.J., and METER and STEPHENS, JJ.

PER CURIAM.

In this action for possession of real property, plaintiff Federal Home Loan Mortgage Corporation (Freddie Mac) appeals by leave granted[1] two circuit court orders reversing the municipal court's orders denying defendant Sue Ellen Radulovich's motion to dismiss and granting summary disposition and entering a possession judgment in favor of Freddie Mac. We reverse and remand for entry of an order affirming the municipal court's orders and possession judgment in favor of Freddie Mac.

## I. BACKGROUND

This case arises from a foreclosure of a residential property. In February 1999, Radulovich purchased a residential home partially located in Grosse Pointe Woods and partially located in Grosse Point Shores. To finance the purchase, Radulovich obtained two loans including a loan of $240,000, which is the loan that gave rise to the underlying foreclosure proceeding. To secure the loan, Radulovich granted a mortgage to Standard Federal Bank. In June 2009, Standard Federal assigned the mortgage to CitiMortgage, Inc. (CMI).

---

[1] *Fed Home Loan Mtg Corp v Radulovich*, unpublished order of the Court of Appeals, entered May 9, 2018 (Docket No. 341031).

Thereafter, CMI foreclosed on the property and Freddie Mac purchased the property at a June 2011 sheriff's sale. The six-month redemption period expired in December 2011 with no redemption.

In December 2011, Radulovich and nonparty John Roche filed a pro se suit in the circuit court alleging several claims seeking to invalidate the foreclosure and the underlying mortgage documents. Freddie Mac removed the case to the United States District Court for the Eastern District of Michigan and the case was assigned Case No. 12-CV-10266.

In conjunction with the litigation in the federal district court, in January 2012, Freddie Mac filed a complaint for possession pursuant to MCL 600.5714(1)(g) in the Grosse Pointe Woods Municipal Court. The municipal court granted Radulovich's motion to dismiss the complaint for possession, holding that the mortgage did not encompass the entirety of the lot and that there were ambiguities in the assignment of the mortgage. Freddie Mac moved for reconsideration and the municipal court denied in part and granted in part the motion. The municipal court opined that there were ambiguities in the assignment, but declined to quiet title or rule on whether the mortgage encompassed the entirety of the lot. Rather, the municipal court reserved those issues for the circuit court.

Thereafter, the federal district court dismissed Case No. 12-CV-10266 without prejudice abstaining from a decision given the pending matter in the municipal court.[2] In state court, Freddie Mac appealed the municipal court's order to the circuit court, but the circuit court dismissed the appeal without prejudice for failure of service of process. Radulovich then petitioned the circuit court for reinstatement of her claim to quiet title to the property and Freddie Mac again removed the case to federal district court. The federal district court granted summary judgment in favor of Freddie Mac and the other named defendants and it dismissed the case with prejudice.[3]

Following the federal district court's order, Freddie Mac filed another complaint for possession in the Grosse Pointe Woods Municipal Court. Radulovich moved to dismiss the complaint, arguing that the municipal court previously ruled on Freddie Mac's complaint for possession in 2012, and therefore, the complaint was barred by res judicata and collateral estoppel. Radulovich also argued that the federal district court improperly reversed the municipal court's 2012 order. Radulovich argued that the foreclosure, foreclosure sale, and sheriff's deed were invalid.

---

[2] *Roche v CitiMortgage, Inc*, unpublished order of the United States District Court for the Eastern District of Michigan, entered September 28, 2012 (Case No. 12-CV-10266), p 1.

[3] *Roche v CitiMortgage, Inc*, unpublished order of the United States District Court for the Eastern District of Michigan, entered August 30, 2017 (Case No. 14-CV-11421), aff'd *Roche v CitiMortgage, Inc*, unpublished opinion of the United States Court of Appeals for the Sixth Circuit, entered February 21, 2019 (Case No. 17-2179).

Freddie Mac argued that its complaint for possession was not barred by res judicata or collateral estoppel because in 2012 there was no final adjudication on the merits. Freddie Mac argued that the municipal court never ruled that the mortgage assignment was invalid, but rather found that it contained ambiguities. Furthermore, the municipal court did not set aside the sheriff's sale or the foreclosure or rule on the merits with respect to the quiet title issue. Moreover, according to Freddie Mac, the federal district court barred Radulovich's defenses.

The municipal court denied Radulovich's motion to dismiss and granted summary disposition in favor of Freddie Mac "based on the Federal decision." The municipal court entered a possession judgment in favor of Freddie Mac.

Radulovich appealed to the circuit court, and the circuit court reversed. The circuit court held that Freddie Mac's 2016 complaint was barred by res judicata and collateral estoppel. The circuit court also held that Radulovich had standing to challenge the foreclosure, invalidated the assignment and the mortgage, and set aside the foreclosure and the sheriff's deed. The circuit court vacated the municipal court's judgment granting possession to Freddie Mac, declined to quiet title, and denied Freddie Mac's motion for reconsideration. Although not stated explicitly, in reversing the municipal court's order, the circuit court implicitly held that Radulovich was entitled to summary disposition pursuant to MCR 2.116(C)(7). On October 19, 2017, the circuit court entered an order clarifying and amending its final order to include the legal description of the property. This Court granted Freddie Mac leave to appeal.

## II. SUBJECT-MATTER JURISDICTION

As an initial matter, Freddie Mac argues that the circuit court lacked subject-matter jurisdiction.[4] We disagree.

The issue whether a trial court had subject-matter jurisdiction over a proceeding is a question of law that we review de novo. *Atchison v Atchison*, 256 Mich App 531, 534; 664 NW2d 249 (2003). "Jurisdiction of the subject matter is the right of the court to exercise judicial power over a class of cases, not the particular case before it; to exercise the abstract power to try a case of the kind or character of the one pending." *Altman v Nelson*, 197 Mich App 467, 472; 495 NW2d 826 (1992). "The question of jurisdiction does not depend on the truth or falsity of the charge, but upon its nature: it is determinable on the commencement, not at the conclusion, of the inquiry." *Id*. "Jurisdiction always depends on the allegations and never upon the facts." *Id*. Absent subject-matter jurisdiction, the action is void and subject to attack both collaterally and on direct appeal. *Id*. at 472-473. In contrast,

> Where jurisdiction of the subject matter and the parties exist, errors or
> irregularities in the proceedings, however grave, although they may render the

---

[4] Radulovich argues that this Court lacks subject-matter jurisdiction because Freddie Mac's application for leave to appeal was untimely. However, Freddie Mac timely filed an application for leave to appeal the October 19, 2017 order, which by implication necessarily incorporated the September 6, 2017 order. See MCR 7.205(A).

judgment erroneous and subject to be set aside in a proper proceeding for that purpose, do not render the judgment void; until the judgment is set aside, it is valid and binding for all purposes and cannot be collaterally attacked . . . Jurisdiction to make a determination is not dependent upon the correctness of the determination made. [*Id*. at 473.]

With respect to the circuit court, "[i]t is fundamental that the classes of cases over which the circuit courts have subject-matter jurisdiction are defined by this state's constitution and Legislature." *Harris v Vernier*, 242 Mich App 306, 319-320; 617 NW2d 764 (2000). Pursuant to Const 1963, art 6, § 13, the circuit court has "appellate jurisdiction from all inferior courts . . . and jurisdiction of other cases and matters as provided by rules of the supreme court." MCR 7.103(A)(1) provides that a circuit court has subject-matter jurisdiction over "an appeal of right filed by an aggrieved party" from "a final judgment or final order of a district or municipal court."

Freddie Mac argues that the circuit court did not have subject-matter jurisdiction to void the mortgage assignment, invalidate a foreclosure sale, set aside a sheriff's deed, and determine the extent to which the mortgage encumbered the property. This argument misconstrues the concept of subject-matter jurisdiction. Even if the circuit court's legal rulings on these issues amounted to errors of law, this does not mean that the court lacked subject-matter jurisdiction over the class of cases that encompassed this case. See *Altman*, 197 Mich App at 472 (noting that subject-matter jurisdiction concerns "the right of the court to exercise judicial power over a class of cases, not the particular case before it"). Jurisdiction turns on "the allegations and never upon the facts" and is determined at the outset. *Id*.

This case belonged to a class of cases over which the circuit court had subject-matter jurisdiction. Specifically, the case involved Radulovich's appeal of right from a final order of the municipal court. Therefore, the circuit court had subject-matter jurisdiction to hear the case and address and resolve the arguments raised by the litigants. See MCR 7.103(A)(1). Any alleged error the circuit court committed in resolving the appeal did not deprive the circuit court of its subject-matter jurisdiction. See *Altman*, 197 Mich App at 473 (noting that "[j]urisdiction to make a determination is not dependent upon the correctness of the determination made").

Freddie Mac also contends that the circuit court "exceeded her subject-matter jurisdiction by making rulings in equity." Again, we disagree. A circuit court is a "court of general equity jurisdiction." *Cherry Growers, Inc v Agricultural Mktg and Bargaining Bd*, 240 Mich App 153, 161; 610 NW2d 613 (2000). MCL 600.601 provides that circuit courts have subject-matter jurisdiction as "[p]ossessed by courts and judges in chancery in England on March 1, 1847, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court." "Courts in chancery were those courts with equitable jurisdiction." *Madugula v Taub*, 496 Mich 685, 708 n 58; 853 NW2d 75 (2014), citing *Cady v Centreville Knit Goods Mfg Co*, 48 Mich 133, 135; 11 NW 839 (1882). Thus, the circuit court had subject-matter jurisdiction to enter equitable rulings as part of its general powers of equity.

## III. SUMMARY DISPOSITION

Next, Freddie Mac argues that the circuit court erred in reversing the municipal court orders denying Radulovich's motion for dismissal and awarding summary disposition in favor of Freddie Mac. This Court reviews de novo a trial court's decision on a motion for summary disposition. *Gorman v American Honda Motor Co*, 302 Mich App 113, 115; 839 NW2d 223 (2013). Summary disposition pursuant to MCR 2.116(C)(7) is proper, *inter alia*, when a claim is barred by a prior judgment. Application of the legal doctrines of res judicata and collateral estoppel involve questions of law that this Court reviews de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

## A. LAW GOVERNING THE UNDERLYING PROCEEDINGS

"Foreclosure sales by advertisement are defined and regulated by statute." *Senters v Ottawa Savings Bank, FSB*, 443 Mich 45, 50; 503 NW2d 639 (1993); see also MCL 600.3201 ("Every mortgage of real estate, which contains a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner specified in this chapter."). "Pursuant to MCL 600.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014).

> Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter. [MCL 600.3236.]

Accordingly, "[i]f a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished," *Bryan*, 304 Mich App at 713, and the mortgagor does not have standing to bring any claim related to the property absent clear proof of fraud or irregularity, *id.* at 713-715. "It is further clear that not just any type of fraud will suffice. Rather, the misconduct must relate to the foreclosure procedure itself." *Conlin v Mtg Electronic Registration Sys, Inc*, 714 F 3d 355, 360 (CA 6, 2013) (internal citations, quotation marks, and brackets omitted);[5] see also *Freeman v Wozniak*, 241 Mich App 633, 637; 617 NW2d 46 (2000). Furthermore, "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115; 825 NW2d 329 (2012). Therefore, to set aside a foreclosure based on irregularity or fraud during the foreclosure process, a party "must show that they were prejudiced" by the alleged fraud or irregularity. *Id.* "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent" the fraud or irregularity. *Id.* at 115-116.

---

[5] "Decisions from lower federal courts are not binding but may be considered persuasive." *Truel v Dearborn*, 291 Mich App 125, 136 n 3; 804 NW2d 744 (2010).

In 2011, Freddie Mac purchased the sheriff's deed to the property following foreclosure, and the redemption period expired without Radulovich redeeming the property. Upon expiration of the redemption period, the deed became operative and vested in Freddie Mac "all the right, title, and interest" in the property, including the right to possess the property. MCL 600.3236. To effectuate this possession, however, Freddie Mac was required to bring a summary-possession proceeding under the Revised Judicature Act. See *Kubczak v Chem Bank & Trust Co*, 456 Mich 653, 660; 575 NW2d 745 (1998); *Deroshia v Union Terminal Piers*, 151 Mich App 715, 719; 391 NW2d 458 (1986). Specifically, the RJA provides in relevant part that "[a] person entitled to possession of premises may recover possession by summary proceeding" under certain circumstances, including "[w]hen a person continues in possession of premises sold by virtue of a mortgage or execution, after the time limited by law for redemption of the premises." MCL 600.5714(1)(g).

## B. THE 2016 COMPLAINT FOR POSSESSION WAS NOT BARRED

Freddie Mac argues that the circuit court erred as a matter of law in holding that Freddie Mac's 2016 complaint was barred by res judicata and collateral estoppel. We agree.

The purpose of the doctrine of res judicata is to prevent multiple suits litigating the same cause of action. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 418; 733 NW2d 755 (2007). "Under the doctrine of res judicata, a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Wayne Co v City of Detroit*, 233 Mich App 275, 277; 590 NW2d 619 (1998) (internal citation and quotation marks omitted). The doctrine bars a second, subsequent action when "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Verbrugghe v Select Specialty Hosp-Macomb Co, Inc*, 279 Mich App 741, 744; 760 NW2d 583 (2008) (internal citation and block notation omitted). Michigan courts apply the doctrine broadly to bar "not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004).

Freddie Mac's 2016 complaint for possession was not barred by res judicata. Of particular importance, in 2016, the essential facts were not identical to the essential facts as they existed in 2012. In 2012, the municipal court made a factual determination that the assignment contained ambiguities. This finding, however, had no legal significance because an ambiguous assignment is not sufficient to invalidate the foreclosure, the foreclosure sale, or the sheriff's deed. See *Kim*, 493 Mich at 115; *Bryan*, 304 Mich App at 713. Indeed, the municipal court did not set aside the foreclosure, the foreclosure sale, or the sheriff's deed. Nonetheless, in 2016, the federal district court quieted title to the property in favor of Freddie Mac. Therefore, where the 2012 municipal court order left open issues relevant to whether Freddie Mac was entitled to possession, the 2016 federal district court order provided finality as to whether Freddie Mac was the rightful holder of the sheriff's deed, deciding Radulovich's equitable claims in Freddie Mac's favor. Thus, the federal district court order changed the underlying facts and provided Freddie Mac a new basis to pursue possession of the property in 2016. Therefore, the 2016 complaint was not barred by res judicata.

-6-

Similarly, Freddie Mac's complaint was not barred by collateral estoppel. The doctrine of collateral estoppel "precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in that prior proceeding." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 528-529; 866 NW2d 817 (2014). "Generally, application of collateral estoppel requires (1) that a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) that the same parties had a full and fair opportunity to litigate the issue, and (3) mutuality of estoppel." *Id*. at 529.

When Freddie Mac filed its complaint for possession in 2016, the issue became whether Freddie Mac was entitled to possess the property based not only on the sheriff's deed, but also on the federal district court order quieting title in its favor. This issue was not "actually and necessarily determined" in the 2012 municipal court proceeding. Again, in the 2012 proceeding, the municipal court did not determine that the sheriff's deed, foreclosure, or foreclosure sale were invalid. Rather, it concluded that the assignment contained ambiguities and left open the issue whether title should be quieted in Freddie Mac's favor. Moreover, in 2012 the municipal court could not have determined whether Freddie Mac was entitled to possession based on the federal district court order as the order had not yet been issued. In short, the 2016 complaint was not barred by collateral estoppel.

## C. FEDERAL DISTRICT COURT ORDER PRECLUDED RADULOVICH'S DEFENSES

Next, Freddie Mac argues that the circuit court erred by concluding that the federal district court order did not bar Radulovich's defenses. We agree.

"The principle of judicial comity generally states that foreign courts can afford each other's judgments mutual respect and recognition." *MLive Media Group v Grand Rapids*, 321 Mich App 263, 273; 909 NW2d 282 (2017). Therefore, the principles of comity require a state court "to defer to a federal court ruling when a federal district court is the equivalent of a state circuit court." *Id*. (internal citation, quotation marks, and brackets omitted).

Here, when addressing the quiet title action, the federal district court was the equivalent of a state circuit court. All the claims arose in state circuit court, and the state circuit court would have had jurisdiction to address the claims but for Freddie Mac's presence as a party to the proceeding. Accordingly, the principles of judicial comity required that the circuit court afford recognition the federal district court's order.

In addition to recognizing the federal district court order, the circuit court should have held that Radulovich's defenses were precluded by collateral estoppel. Radulovich requested that the circuit court issue an order holding that her property was not encumbered by the mortgage, that the foreclosure was invalid, that the sheriff's deed was invalid, that the assignment of mortgage was invalid, and that she had standing to challenge the foreclosure and assignment. The federal district court addressed and decided all of these claims, and it issued a valid final judgment in favor of Freddie Mac. Accordingly, relitigation of the issues was barred by collateral estoppel because the issues were actually and necessarily determined in the federal district court proceeding. Radulovich had a "full and fair opportunity to litigate" her equitable

claims in the federal district court and she lost on those claims. Therefore, she was precluded from asserting the same claims as defenses to the 2016 complaint for possession. See *id*.[6]

Plaintiff argues that the *Rooker-Feldman*[7] doctrine precluded the federal district court from addressing and resolving the quiet title issue and all of Radulovich's arguments relating to that issue. We disagree. The *Rooker-Feldman* doctrine "precludes federal district courts from hearing cases brought by state-court losers complaining of injuries caused by state-court judgments." *Brent v Wayne Co Dep't of Human Servs*, 901 F3d 656, 674 (CA 6, 2018) (internal citation and quotation marks omitted). "In short, where a plaintiff does not seek redress for an injury allegedly caused by the *state court decision* itself, but instead seeks redress for an injury allegedly caused by the *defendant's actions*, *Rooker-Feldman* does not apply." *Id*. (internal citations and quotation marks omitted). Here, the federal district court decided the quiet-title claim in the first instance, not after a decision had been issued by a state court. Therefore, *Rooker-Feldman* does not apply to this case.[8]

## D. FREDDIE MAC WAS ENTITLED TO A POSSESSION JUDGMENT

In addition to erroneously holding that Radulovich was entitled to dismissal of the complaint for possession, the circuit court erred in reversing the municipal court's order granting summary disposition in favor of Freddie Mac and in vacating the possession judgment.

Freddie Mac commenced a summary proceeding for possession of the property pursuant to MCL 600.5714(1)(g). It is undisputed that Radulovich did not redeem the property within the

---

[6] Radulovich argues that the federal district court order has no bearing on this case under the precedent set by *Stein v Thomas*, 672 Fed Appx 565 (CA 6, 2016). We disagree. In *Stein*, the 2016 Green Party presidential candidate petitioned for a recount of Michigan's presidential ballots and argued that Michigan's recount law, which required a two-day delay before a recount could commence, violated the First and Fourteenth Amendments to the federal constitution. *Id*. at 567-568. The federal district court ordered that the recount should commence immediately. *Id*. at 568. The United States Court of Appeals for the Sixth Circuit affirmed the federal district court but explained, "[i]f, subsequently, the Michigan courts determine that Plaintiffs' recount is improper under Michigan state law for any reason, we expect the district court to entertain any properly filed motions to dissolve or modify its order in this case." *Id*. at 571. Subsequently, his Court held that the recount was improper under state law. *Attorney Gen v Bd of State Canvassers*, 318 Mich App 242, 254; 896 NW2d 485 (2016). Radulovich argues that this Court should follow *Stein* by disregarding the federal district court decision. The deference the *Stein* court showed to Michigan courts, however, was based on the fact that the federal district court had addressed only federal constitutional claims, not state law claims. Here, the federal district court's decision was based on state law and must be respected on appeal.

[7] *Rooker v Fidelity Trust Co*, 263 US 413; 44 S Ct 149; 68 L Ed 362 (1923); *District of Columbia Court of Appeals v Feldman*, 460 US 462; 103 S Ct 1303; 75 L Ed 2d 206 (1983).

[8] Again, we stress that, in 2012, the municipal court did not invalidate the foreclosure or sheriff's deed and did not decide the claim to quiet title.

statutory redemption period. Accordingly, all of Radulovich's rights "in and to the property" were extinguished absent clear proof of fraud or irregularity in the foreclosure proceeding itself. *Bryan*, 304 Mich App at 713. As previously discussed, the federal district court issued an order that addressed and decided Radulovich's claims to set aside the foreclosure and it quieted title in favor of Freddie Mac. That order precluded Radulovich from reasserting her claims as defenses in this case. Apart from her precluded claims, Radulovich did not present any evidence to invalidate the foreclosure process itself. Therefore, Freddie Mac was entitled to a possession judgment under MCL 600.5714(1)(g). The circuit court erred in holding otherwise.

## III. CONCLUSION

Freddie Mac's 2016 complaint for possession was not barred by res judicata or collateral estoppel. Nonetheless, the federal district court's order was entitled to comity, and Radulovich's defenses were barred by collateral estoppel. The circuit court erred in reversing the municipal court's order denying Radulovich's motion to dismiss, erred in reversing the municipal court's order granting summary disposition in favor of Freddie Mac, and erred in vacating the possession judgment. We therefore reverse and remand for entry of an order affirming the municipal court orders and judgment in favor of Freddie Mac. We do not retain jurisdiction. As the prevailing party, Freddie Mac may tax costs pursuant to MCR 7.219.

/s/ Amy Ronayne Krause
/s/ Patrick M. Meter
/s/ Cynthia Diane Stephens