JAM CORPORATION v AARO DISPOSAL, INC

Docket No. 112119. Decided September 28, 1999. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgments of the Court of Appeals and the circuit court and remanded the case to the circuit court for further proceedings.

JAM, Inc., brought an action in the 52-3 Judicial District Court, seeking possession of certain real property subleased by AARO Disposal, Inc. AARO Disposal defended on the ground that JAM, Inc. was neither a Michigan corporation nor authorized to do business in Michigan. The attorney for JAM, Inc., promised that, if given the opportunity, he could prove that it was a Michigan corporation. Following adjournment, counsel for JAM, Inc., while investigating the corporate status of his client, learned that J.A.M. Corporation, not JAM, Inc., was incorporated in Delaware and, although it had been paying fees and filing annual reports in Michigan, was not registered to do business in Michigan. Although the statutory procedure for correcting inaccurate filings was undertaken, the court, Robert L. Shipper, J., dismissed the case, finding the lease null and void from its inception. J.A.M. Corporation then brought another action in the Oakland Circuit Court involving essentially the same parties and issues. The circuit court, Robert L. Templin, J., found the district court judgment to be res judicata and dismissed the complaint with prejudice. The Court of Appeals, MacKenzie, P.J., and Neff and Markey, JJ., affirmed in an unpublished opinion per curiam (Docket No. 193594). J.A.M. Corporation seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court held:

Res judicata does not preclude the claim of implied contract or of unjust enrichment in this case. In the district court, JAM, Inc., began summary proceedings, seeking only possession of the property under MCL 600.5750; MSA 27A.5750. Such proceedings are in addition to, and not exclusive of, other remedies, either legal, equitable, or statutory. The statute evidences the Legislature's intent that summary proceedings for possession of property be handled expeditiously. Plainly the Legislature took such cases outside the realm of the normal rules concerning merger and bar in order that

attorneys would not be obliged to fasten all other pending claims to the swiftly moving summary proceedings.

Reversed and remanded.

*Mager, Mercer, Scott & Alber, P.C.* (by *Phillip G. Alber* and *Omar J. Harb*), for the plaintiff-appellant.

*Haliw, Siciliano & Mychalowych* (by *Andrew W. Mychalowych* and *Nanette L. Korpi*) for the defendants-appellees.

PER CURIAM. This is the second suit between these parties with regard to a lease governing property in Oakland County. The circuit court granted summary disposition on the ground that the outcome of the first suit was res judicata. The Court of Appeals affirmed. We reverse the judgments of the Court of Appeals and the circuit court, and remand this case to circuit court.

I

Mario Iacobelli has a controlling interest in a partnership called the Hunt Club Investment Group, which owns improved property on Commercial Drive in Auburn Hills. Mr. Iacobelli also owns the J.A.M. Corporation.

In April 1990, Mr. Iacobelli executed a lease between the Hunt Club Investment Group and "JAM, Inc." Signing for both parties, Mr. Iacobelli leased the Auburn Hills property from the Hunt Club Investment Group to JAM, Inc.

The same day, JAM, Inc., entered into a sublease agreement with AARO Disposal, Inc. The sublease called for AARO Disposal to pay approximately $1.2 million over ten years, in monthly installments.

Though cast as a sublease, the document listed JAM, Inc., as the owner of the property, and it purportedly provided AARO Disposal an option to purchase. AARO Disposal was also obliged to pay utilities, taxes, and other expenses. Under the lease, defendant Robert Runco guaranteed the payment of rent and the other sums payable by AARO Disposal.

The lease arrangement continued for five years, until AARO Disposal stopped paying rent in May 1995.[1] The following month, JAM, Inc., served a demand for possession. In early July 1995, it filed in district court a complaint seeking possession of the property through summary proceedings. MCL 600.5701 *et seq.*; MSA 27A.5701 *et seq.* Though the complaint alleged substantial past-due rent, JAM, Inc., did not seek money damages in the complaint.

In district court, AARO Disposal defended on the ground that "JAM, Inc." was neither a Michigan corporation nor authorized to do business in Michigan. This may have surprised Mr. Iacobelli, since JAM, Inc., had been filing annual reports and paying fees to the Michigan Department of Commerce.

The attorney for JAM, Inc., promised that, if given the opportunity, he could prove that it was a Michigan corporation. Counsel for AARO Disposal insisted that the sublease was invalid. However, AARO Disposal's counsel added:

> If he can produce certified records from the Corporations and Securities Bureau that Jam, Inc. existed on April—in April of 1990, I—I'll stipulate to issuance of a writ of restitu-

---

[1] AARO Disposal and Mr. Runco say that AARO stopped making payments because a title search had revealed that the property was not owned by JAM, Inc.

tion. But if he can't, then—then a judgment is entered that that sublease is null in [sic] void; and we can go—and this complaint is dismissed, and we can go to Circuit Court—we have to go to Circuit Court over the remaining issues.

A moment later, counsel for AARO Disposal reiterated:

There's no—there's no sublease agreement. They attached it to their complaint. They named themselves as the owner and the landlord. They based their complaint on this sublease, and they don't exist. I would stipulate that if within two weeks he can produce certified records that Jam, Inc. is, then I'll stipulate to a writ of restitution. If he can't, then that sublease is null in [sic] void; and we're off to Circuit Court.

At that point, the district court said, "That's where we are going to leave it." Counsel for JAM, Inc., taking notes of the conversation, attempted to summarize it on the record:

The offer is if I can produce records that Jam, Inc. is . . . was a . . . duly organized corporation on the date of the lease, then he will stipulate to the entry of a writ of restitution . . . [and] if [we] cannot, then [the] action . . . is dismissed.

The matter was adjourned, and counsel for JAM, Inc., set about to investigate the corporate status of his client. In doing so, he learned that J.A.M. Corporation (not "JAM, Inc.") was incorporated in Delaware and, though it had been paying fees and filing annual reports in Michigan, was not registered to do business in Michigan. There is a statutory procedure for correcting inaccurate filings[2] and J.A.M. Corporation

---

[2] MCL 450.1133; MSA 21.200(133).

filed such papers in August 1995.[3]

However, the district court dismissed the case in early September 1995. In a document labeled a "consent judgment," the district court found that the April 1990 lease between JAM, Inc., and AARO Disposal was null and void from its inception. The complaint of JAM, Inc., was "dismissed with prejudice."[4]

In the wake of the district court decision, J.A.M. Corporation took two steps. Apparently continuing with the name "JAM, Inc.," it appealed the district court judgment, though the final outcome is not revealed by the materials before us.[5]

At about the same time, J.A.M. Corporation filed the present action in circuit court. The complaint outlines the history of this matter, and includes six causes of action, labeled "Reformation of Contract," "Mistake," "Breach of Lease Agreement," "Breach of Contract," "Guaranty," and "Unjust Enrichment."

AARO Disposal responded with a motion for summary disposition, arguing that the district court judg-

---

[3] Apparently, the name "JAM, Inc." was already taken, so the papers reflect J.A.M. Corporation's use of a different assumed name (DEL-JAM Corporation).

[4] Notwithstanding the dismissal, possession of the property evidently reverted to the Hunt Club Investment Group, and there is no present issue regarding possession.

[5] The circuit court dismissed a claim of appeal as untimely, citing MCR 4.201(N)(2), and later denied an application for leave to appeal for reasons that were not clearly stated by the circuit court. On further appeal, the Court of Appeals peremptorily reversed, and remanded the case to circuit court for reconsideration of the application for leave to appeal filed by JAM, Inc. It is evident that the Court of Appeals intended that the circuit court consider the merits of the application. This Court later denied leave to appeal and reconsideration. 459 Mich 860 (1998), reconsideration den October 26, 1998 (Docket No. 110873). The current submissions from the parties were filed in this Court before the completion of the appellate proceedings described in this footnote, so those papers do not say what happened on remand to circuit court.

ment specifically stated that the sublease agreement is null and void. AARO Disposal said that the district court's judgment is "res judicata and/or collateral estoppel as to this litigation," and "[t]herefore, the first five Counts of JAM's Complaint, which are solely based on the very same Sublease Agreement, must fail." With regard to count VI (unjust enrichment), AARO Disposal stated that it "has not been unjustly enriched at JAM's expense, and JAM has no standing to claim said damages since JAM does not own the subject property and has no written agreement with either AARO or Runco as to the property."

The circuit court heard this matter in February 1996. Counsel for J.A.M. Corporation argued that counts IV and VI are not based on the existence of a sublease, and thus are viable claims in the present action. However, the circuit court found the earlier judgment to be res judicata and dismissed the complaint with prejudice.

On appeal, J.A.M. Corporation argued that it was error to grant summary disposition in favor of AARO Disposal on counts IV and VI "which were not raised or litigated in the previous action and could not have been brought in the previous action." However, the Court of Appeals affirmed.[6]

J.A.M. Corporation has now come to this Court with an application for leave to appeal.

II

In its opinion of affirmance, the Court of Appeals explained that, "[f]or res judicata to apply: (1) the

_____

[6] Unpublished opinion per curiam, issued January 16, 1998, reh den April 21, 1998 (Docket No. 193594).

prior action must have been decided on its merits; (2) the matter contested in the second case was or could have been resolved in the first; and (3) both actions involved the same parties or their privies."

The Court of Appeals also noted that "Michigan has adopted a broad rule of res judicata which bars not only claims actually litigated in the prior actions, but every claim arising out of the same transaction that the parties, exercising reasonable diligence, could have raised but did not. *Gose v Monroe Auto Equipment Co*, 409 Mich 147, 160-163; 294 NW2d 165 (1980) . . . ."

The Court of Appeals then stated that the district court action was clearly decided on its merits, and involved parties whose "actual identities are substantially identical." The remaining question in determining the applicability of res judicata was whether claims for breach of implied contract and unjust enrichment could have been resolved in the district court action.

In that regard, the Court of Appeals said that a claim or counterclaim for a money judgment or for equitable relief can be joined to an action for possession of property under MCL 600.5701 *et seq.*; MSA 27A.5701 *et seq.* This right of joinder is set forth in MCR 4.201(G)(1)(a) and MCL 600.5739, 600.8302(3); MSA 27A.5739, 27A.8302(3). If the amount of the counterclaim exceeds the jurisdictional amount of the district court, then the claim for money damages alone is subject to removal to circuit court. MCL 600.5739; MSA 27A.5739, MCR 4.201(G)(2)(b).

The Court of Appeals said that both the district court action and the present suit "necessarily involve a determination of the parties' rights and obligations

regarding the property," and that the "purpose of res judicata is to prevent this type of repetitive litigation between the same parties."

### III

The circuit court and the Court of Appeals have found res judicata applicable in this instance.[7] Count IV (involving a claim of implied contract) and count VI (a claim of unjust enrichment) are said to be barred because they could have been joined in the earlier action, even though they do not directly arise from the written contract that the district court found to be null and void.

However, it is not true that res judicata precludes the claim of implied contract or of unjust enrichment in this case. In district court, JAM, Inc., began summary proceedings, seeking only possession of the property. Regarding such proceedings, MCL 600.5750; MSA 27A.5750 provides:

> The remedy provided by summary proceedings [for recovery of possession of premises under MCL 600.5701 *et seq.*; MSA 27A.5701 *et seq.*] is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, except [with regard to two exceptions not applicable in the present case] . . . . [MCL 600.5750; MSA 27A.5750.]

That provision evidences the Legislature's intent that summary proceedings for possession of property be handled expeditiously. Plainly the Legislature took

---

[7] This Court generally uses the terms "res judicata" and "collateral estoppel" rather than the phrases "claim preclusion" and "issue preclusion." *People v Gates*, 434 Mich 146, 154, n 7; 452 NW2d 627 (1990).

these cases outside the realm of the normal rules concerning merger and bar in order that attorneys would not be obliged to fasten all other pending claims to the swiftly moving summary proceedings.

Other portions of the chapter regarding summary proceedings confirm that joinder is not mandatory in forfeiture actions, MCL 600.5739; MSA 27A.5739, and that summary procedures are designed to facilitate an expedited resolution of the matter. MCL 600.5741; MSA 27A.5741 provides:

> If the jury or the judge finds that the plaintiff is entitled to possession of the premises, or any part thereof, judgment may be entered in accordance with the finding and may be enforced by a writ of restitution as provided in this chapter. If it is found that the plaintiff is entitled to possession of the premises, in consequence of the nonpayment of any money due under a tenancy, or the nonpayment of moneys required to be paid under an executory contract for purchase of the premises, the jury or judge making the finding shall determine the amount due or in arrears at the time of trial which amount shall be stated in the *judgment for possession*. In determining the amount due under a tenancy the jury or judge shall deduct any portion of the rent which the jury or judge finds to be excused by the plaintiff's breach of the lease or by his breach of 1 or more statutory covenants imposed by section 39 of chapter 66 of Revised Statutes of 1846, as added, being section 554.139 of the Compiled Laws of 1948. The statement in the *judgment for possession* shall be only for the purpose of prescribing the amount which, together with taxed costs, shall be paid to preclude issuance of the writ of restitution. The judgment may include an award of costs, enforceable in the same manner as other civil judgments for money in the same court. [Emphasis supplied.]

MCL 600.5747; MSA 27A.5747 governs cases in which the defendant prevails:

> If the plaintiff fails to prosecute his complaint, or if upon trial or motion the plaintiff is found not entitled to possession of the premises, judgment shall be rendered for the defendant for his costs, which shall be taxed and collected in the same manner as other civil judgments for money in the same court.

Read together, these provisions suggest that a "judgment for possession" is a judgment that entitles the plaintiff to possession of the premises and sets the amount due under the contract, which the defendant must pay to preclude issuance of a writ of restitution under MCL 600.5744; MSA 27A.5744. MCL 600.5750; MSA 27A.5750 likewise refers to a "plaintiff obtaining a judgment for possession of any premises . . . ." Nevertheless, in light of the first sentence of MCL 600.5750; MSA 27A.5750 clarifying that the remedy is not exclusive, it is evident that judgment in these summary proceedings, no matter who prevails, does not bar other claims for relief.[8]

---

[8] Though unnecessary to our decision today, we observe that application of res judicata in this instance was waived by counsel for AARO Disposal, who told the district court:

> If [counsel for JAM, Inc.] can produce certified records from the Corporations and Securities Bureau that Jam, Inc. existed on April—in April of 1990, I—I'll stipulate to issuance of a writ of restitution. But if he can't, then—then a judgment is entered that that sublease is null in [sic] void; and we can go—and this complaint is dismissed, and *we can go to Circuit Court—we have to go to Circuit Court over the remaining issues.* [Emphasis supplied.]

The remarks of the counsel for AARO Disposal thus foreclose a finding of res judicata. However, we do not suggest that counsel made a mistake here—his statement was proper in light of MCL 600.5750; MSA 27A.5750 and the narrow focus of summary proceedings for possession of property.

For these reasons,[9] we reverse the judgments of the Court of Appeals and the circuit court, and we remand this case to circuit court for further proceedings. MCR 7.302(F)(1).

WEAVER, C.J., and BRICKLEY, CAVANAGH, KELLY, TAYLOR, CORRIGAN, and YOUNG, JJ., concurred.

---

[9] It is unnecessary to determine whether the result of the proceedings in district court would have been res judicata in the absence of MCL 600.5750; MSA 27A.5750 and the statements of counsel.