*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARIA VASILIADIS,

Plaintiff-Appellant,

v

JAMAL RUBAII,

Defendant-Appellee.

UNPUBLISHED
January 7, 2021

No. 350269
Wayne Circuit Court
LC No. 19-001435-CK

Before: GLEICHER, P.J., and K. F. KELLY and SHAPIRO, JJ.

PER CURIAM.

In the companion case in Docket No. 349982, this Court reinstated the district court's equitable extension of the redemption period to allow Jamal Rubaii to secure financing and redeem property purchased on land contract from Maria Vasiliadis. In the current matter, Vasiliadis filed a separate lawsuit to collect attorney fees under the land contract. The circuit court granted summary disposition in Rubaii's favor. We vacate that judgment and remand for further proceedings upon the completion of the matter underlying Docket No. 349982.

## I. BACKGROUND

The facts underlying this action can be gleaned from this Court's opinion in the companion appeal. At the close of that action, Vasiliadis filed this breach of contract action against Rubaii seeking attorney fees under the land contract. Paragraph 11 of the land contract, entitled "Miscellaneous," includes several provisions, including:

[1] In the event that Purchaser shall file or have filed against him bankruptcy of any form (e.g., filing for protection under insolvency laws), it shall be a default hereunder and any and all attorney fees, costs and expenses incurred as a result of same shall become part of the principal balance due and owing on this Contract. [2] Should either party deem it necessary to enforce any of the provisions hereof through an attorney or legal proceedings, the other party agrees to pay all costs of such enforcement and collection, including all reasonable attorney fees, and interest shall accrue upon such costs at the Default Rate from the date incurred until repaid. [3] In the event Seller should file or have filed against its [sic] bankruptcy of any

-1-

form (e.g., filing for protection under insolvency laws), Purchaser shall have all of the rights and remedies afforded Purchaser under bankruptcy law.

Vasiliadis alleged that she incurred substantial attorney fees enforcing her rights under the land contract, triggering her right to collect reasonable attorney fees.

Vasiliadis filed a motion for partial summary disposition under MCR 2.116(C)(10), arguing that the land contract contained a valid attorney-fee provision and that her attorney-fee claim did not merge with the prior district court judgment under MCL 600.5750. Rubaii retorted that the contractual attorney-fee provision only applied to bankruptcy proceedings. Rubaii further contended that because Vasiliadis brought a forfeiture action and prevailed, her attorney-fee claim was merged and barred under MCL 600.5750. Rubaii requested summary disposition in his favor under MCR 2.116(I)(2).

The circuit court granted Rubaii's request, concluding that the language of the attorney-fee provision established that it "appl[ied] to bankruptcy only" and that the "issue of merger is moot." The complaint was dismissed in its entirety and Vasiliadis appealed.

## II. CONTRACT INTERPRETATION

We review de novo a trial court's decision on a summary disposition motion. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 166 (2013). When facing a motion under MCR 2.116(C)(10), we must review any evidence in the light most favorable to the nonmoving party and determine whether there exist any genuine issues of material fact or whether the moving party is entitled to judgment as a matter of law. *Id*. at 139-140. Summary disposition is warranted under MCR 2.116(I)(2) when the opposing party, rather than the moving party, is entitled to judgment as a matter of law.

We also review de novo the underlying issue of contract interpretation. *Reed v Reed*, 265 Mich App 131, 141; 693 NW2d 825 (2005). "[T]he main goal in the interpretation of contracts is to honor the intent of the parties." *Mahnick v Bell Co*, 256 Mich App 154, 158-159; 662 NW2d 830 (2003). This is done by giving the plain and unambiguous words of a contract their plain and ordinary meaning. *Hastings Mut Ins Co v Safety King, Inc*, 286 Mich App 287, 292; 778 NW2d 275 (2009); *Reicher v SET Enterprises, Inc*, 283 Mich App 657, 664; 770 NW2d 902 (2009). The words and phrases of the contract cannot be read in isolation, but "must be construed in context and read in light of the contract as a whole." *Auto Owners Ins Co v Seils*, 310 Mich App 132, 148; 871 NW2d 530 (2015) (citations omitted). "If the contract, although inartfully worded or clumsily arranged, fairly admits of but one interpretation, it is not ambiguous." *Wells Fargo Bank, NA v Cherryland Mall Ltd Partnership (On Remand)*, 300 Mich App 361, 386; 835 NW2d 593 (2013) (quotation marks and citations omitted).

The provision at issue in this case is the sixth bullet point in a paragraph entitled "miscellaneous." The first sentence of this bullet point describes what occurs if the purchaser (Rubaii) goes into bankruptcy. Rubaii's bankruptcy would be deemed a default "and any and all attorney fees, costs and expenses incurred as a result of same shall become part of the principal balance due and owing under this Contract." The third sentence describes what occurs if the seller

(Vasiliadis) goes into bankruptcy.  Under that circumstance, Rubaii would "have all of the rights and remedies afforded [him] under bankruptcy law."

However, the second sentence of the provision is different.  It states in its entirety:

> Should either party deem it necessary to enforce any of the provisions hereof through an attorney or legal proceedings, the other party agrees to pay all costs of such enforcement and collection, including all reasonable attorney fees, and interest shall accrue upon such costs at the Default Rate from the date incurred until repaid.

This sentence does not mention bankruptcy.  It governs when either party (Vasiliadis or Rubaii) "deem[s] it necessary to enforce any of the provisions hereof through an attorney or legal proceedings . . . ."  This sentence is not limited to actions following bankruptcy, or actions to enforce this specific bullet point within the miscellaneous paragraph, or even to enforcement of the miscellaneous paragraph.  Its clear language applies in actions "to enforce *any of the provisions hereof*," i.e., any of the provisions of the land contract.  Accordingly, if a party hires an attorney to pursue his or her rights or files suit to enforce the provisions of the land contract, he or she is entitled to the payment of costs and attorney fees.  The circuit court incorrectly interpreted the land contract and summary disposition was therefore inappropriate.

Just because Vasiliadis correctly interprets the contract does not mean that Vasiliadis is entitled to summary disposition on the attorney-fee issue.  In the companion appeal, Vasiliadis deemed it necessary to hire an attorney and file summary proceedings to enforce provisions of the land contract.  During those summary proceedings, Rubaii deemed it necessary to hire an attorney to file motions to enforce his rights when Vasiliadis interfered with Rubaii's redemption rights.  In Docket No. 349982, we ordered the reinstatement of the district court order extending the redemption period based on Vasiliadis's obstruction.  Further proceedings may be required during or after that period.  Resolution of the current attorney-fee matter should be put on hold until the summary proceedings come to a certain end.

## III.  MERGER

As we are vacating the circuit court's ruling related to the interpretation of the land contract, we must now consider the parties' arguments in relation to MCL 600.5750.  In her complaint, Vasiliadis argued, "Although attorney fees were not addressed in the summary proceeding, the claim survives under MCL 600.5750."  Her attorney later clarified, "[T]here is no merger, there's different rules at the summary possession level."

The doctrine of merger provides that "[w]hen the plaintiff recovers a valid and final personal judgment, his original claim is extinguished and rights upon the judgment are substituted for it.  The plaintiff's original claim is said to be 'merged' in the judgment."  Restatement 2d, Judgments, § 18, cmt a.  After the entry of a judgment, "[t]he plaintiff cannot . . . maintain an action on the original claim or any part thereof," but may bring an action to enforce the judgment.  Restatement 2d, Judgments, § 18(1).

MCL 600.5750 alters the doctrine of merger in relation to summary proceedings.  It states:

The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. *A judgment for possession under this chapter does not merge or bar any other claim for relief, except that a judgment for possession after forfeiture of an executory contract for the purchase of premises shall merge and bar any claim for money payments due or in arrears under the contract at the time of trial and that a judgment for possession after forfeiture of such an executory contract which results in the issuance of a writ of restitution shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ.* The plaintiff obtaining a judgment for possession of any premises under this chapter is entitled to a civil action against the defendant for damages from the time of forcible entry or detainer, or trespass, or of the notice of forfeiture, notice to quit or demand for possession, as the case may be. [*Id*. (emphasis added).]

Summary proceedings are "handled expeditiously" to secure the return of residential real estate. *JAM Corp v AARO Disposal, Inc*, 461 Mich 161, 168; 600 NW2d 617 (1999). The summary proceeding judgment "is conclusive only on the question of who has a right to possess the premises." *1300 LaFayette E Coop, Inc v Savoy*, 284 Mich App 522, 530; 773 NW2d 57 (2009). It makes sense that "the Legislature took these cases outside the realm of the normal rules concerning merger and bar in order that attorneys would not be obliged to fasten all other pending claims to the swiftly moving summary proceedings." *JAM Coop*, 461 Mich at 168-169.

Given the language of MCL 600.5750, Vasiliadis's attorney-fee claim was not merged into the prior summary proceeding judgment and is not barred. As Vasiliadis is not seeking payment of any balance due on the land contract in this case. Therefore, the doctrine of merger does not preclude the current action.

We vacate the order granting summary disposition in Rubaii's favor and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Douglas B. Shapiro