*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MISHAWNDA C. LINDSEY,

       Plaintiff-Appellant,

v

BLOOMFIELD ORCHARD APARTMENTS and
MICHAEL CARROLL,

       Defendants-Appellees.

UNPUBLISHED
July 20, 2023

No. 360579
Oakland Circuit Court
LC No. 2022-192118-CZ

Before: PATEL, P.J., and BOONSTRA and RICK, JJ.

PER CURIAM.

Plaintiff is a self-represented litigant. She, appeals as of right the trial court's order granting summary disposition to defendants, Bloomfield Orchard Apartments and Michael Carroll. We affirm.

## I. FACTUAL BACKGROUND

In 2017, plaintiff entered a six-month lease agreement with Bloomfield Orchard for Apartment 224. Under the agreement, the lease could be renewed three times, for one year each time. Plaintiff was receiving a Section 8 housing subsidy under the United States Housing Act of 1937, 42 USC 1437f, as administered by the Michigan State Housing Development Authority (MSHDA). Subsidy payments were made directly to Bloomfield Orchard. Plaintiff renewed her lease for two one-year terms, in 2017 and 2018. She refused to sign a third one-year lease after September 30, 2019, and instead remained in her apartment on a month-to-month tenancy. She continued to receive subsidy payments through MSHDA.

During her tenancy, plaintiff complained about neighbors smoking marijuana. In response, defendants offered her the opportunity to move to another apartment in the same complex. She agreed to move to Apartment 217 in February 2021, but continued to voice concerns about neighbors smoking marijuana. Defendants investigated her complaints, as did the police. Neither found evidence that other tenants were smoking marijuana or were affecting plaintiff's enjoyment of her apartment. However, other tenants began to complain about plaintiff's conduct, stating that she was making excessive noise and banging on the floor and walls of her apartment at all hours.

MSHDA stopped making subsidy payments on plaintiff's behalf in June 2021. Plaintiff then stopped paying rent altogether. In August 2021, Bloomfield Orchard began summary eviction proceedings in the 52-3 District Court. Following a trial in October 2021, the district court agreed that plaintiff should be evicted because she had failed to make her rental payments to Bloomfield Orchard. Plaintiff appealed that decision to the Oakland Circuit Court. The district court stayed the eviction order pending her appeal, but required plaintiff to continue to pay rent into an escrow account. The circuit court denied plaintiff's appeal. On January 24, 2022, the district court entered an order requiring plaintiff's immediate eviction and holding her in contempt for failing to deposit any back payments into an escrow account.

Shortly before the district court entered its order for plaintiff's immediate eviction, plaintiff filed this action in circuit court. She named Bloomfield Orchard and its business manager, Michael Carroll, as defendants. Plaintiff alleged multiple tort, contract, and regulatory claims involving her tenancy. Defendants moved for summary disposition under several grounds, including MCR 2.116(C)(6) (district court proceedings involved another pending action between the same parties and involving the same subject matter), MCR 2.116(C)(7) (claims barred by res judicata or collateral estoppel), MCR 2.116(C)(8) (failure to state a claim on which relief could be granted), and MCR 2.116(C)(10) (no genuine issue of material fact). The trial court granted defendants' motion under MCR 2.116(C)(6) and (8). This appeal followed.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Defendants moved for summary disposition under MCR 2.116(C)(6), (7), (8), and (10). The trial court granted the motion under MCR 2.116(C)(6) and (C)(10). In *Nicholl v Torgow*, 330 Mich App 660, 677; 950 NW2d 535 (2019), this Court explained:

> Summary disposition is permissible under MCR 2.116(C)(6) when "[a]nother action has been initiated between the same parties involving the same claim." "A circuit court's ruling under MCR 2.116(C)(6) is reviewed de novo on the basis of the record as it existed at the time the ruling was made." *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 325-326; 900 NW2d 680 (2017). Plaintiffs argue that in *Fast Air, Inc v Knight*, 235 Mich App 541; 599 NW2d 489 (1999), this Court held that the trial court is required to consider the procedural posture of an action before granting summary disposition under Subrule (C)(6). Actually, in *Fast Air*, this Court held "that MCR 2.116(C)(6) does not operate where another suit between the same parties involving the same claims is no longer pending at the time the motion is decided." *Id*. at 545.

Summary disposition is appropriate under MCR 2.116(C)(7) when a claim is barred by res judicata or collateral estoppel. A motion under Subrule (C)(7) may be supported by affidavits, depositions, or other documentary evidence. The allegations in the complaint must be accepted as true (unless contradicted by the documentary evidence), and they must be viewed in a light most favorable to the nonmoving party. When there is no factual dispute, whether the plaintiff's claim is barred is decided as a question of law. *Allen Park Retirees Ass'n, Inc v City of Allen Park*, 329 Mich App 430, 443-444; 942 NW2d 618 (2019).

-2-

"A motion brought under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *El-Khalil*, 504 Mich at 159. A reviewing court "must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id.* at 160. The motion may "only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id.* A motion under MCR 2.116(C)(10) tests the factual support for a claim. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016). When reviewing a motion under MCR 2.116(C)(10), "a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Id*. Summary disposition is appropriate where the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Id*.

## III. ANALYSIS

Plaintiff's issues on appeal challenge the trial court's decision to dismiss her claims involving defendants' alleged breach of the apartment lease and alleged interference with her possessory interest in the subject property. We agree with the trial court that these issues were resolved in the summary proceedings in district court and affirmed by the circuit court, thereby entitling defendants to summary disposition in this action.

Relevant to this appeal, the district court ruled that plaintiff should be evicted from the unit she was occupying, Apartment 217, following a bench trial. The district court also addressed a motion for additional relief that plaintiff filed after she appealed the eviction order to circuit court. It further addressed her arguments regarding federal housing laws and regulations, as well as a request that Bloomfield Orchard bar tenants from using marijuana on the property. The district court stated, in pertinent part[1]:

> In Defendant's Counterclaim, she alleged that the plaintiff failed to sign her Michigan State Housing Development Authority ("MSHDA") voucher, and that other tenants caused a nuisance and/or committed a crime by smoking marijuana on the premises. On October 15, 2021, Defendant filed an "amended" counterclaim, stating that "Plaintiff will cosign for a different property of [her] choosing," provide for and pay moving expenses, and pay her $66,000 in "[m]oney damages for allowing the production of odor via fumes from marijuana smoking tenants." *Defendant's Amended Counterclaim, paragraph 2*.
>
> Following the October 25, 2021 Bench Trial, the Court granted Plaintiff possession of the property, ordered Defendant to vacate the premises within ten (10) days, and dismissed Defendant's Counterclaim. . . .

\* \* \*

---

[1] In the district court case, the parties' positions were reversed. Thus, the district court referred to plaintiff as the "defendant" and Bloomfield Orchard as the "plaintiff."

Defendant filed a response to Plaintiff's Motion, which she titled "Motion" on December 2, 2021 . . . . Additionally, Defendant asks the Court to "[o]rder Plaintiff to sign the Landlord/Tenant packet, HAP contract . . . [and] "[o]rder·the [p]laintiff to stop the smoking of marijuana, other controlled substances[,] and foul odors coming from the tenants in the unit below the Defendant[']s unit." . . .

* * *

Plaintiff asks the Court to "[e]nter an order prohibiting Defendant from destroying property and fixtures in Apartment #217 and from disturbing the quiet enjoyment of other tenants at Bloomfield Orchard Apartments." *Plaintiff's Motion, paragraph C*. While Plaintiff fails to cite any legal authority for this request, the Court notes that MCR 4.201(H)(1) allows the district court to issue injunctive orders, when necessary, upon a showing of good cause. Defendant did not address this portion of Plaintiff's Motion in her written response.

At the December 6, 2021 Motion Hearing, Plaintiff indicated that because Defendant refuses to vacate the property, and it cannot enter the apartment, it is concerned about possible damage to the property and fixtures by Defendant. Plaintiff also presented evidence that Defendant is deliberately disrupting the quiet enjoyment of other tenants, including dropping heavy objects such as furniture on the floor, banging/hitting the walls and floors, and calling the police on other tenants. In fact, Defendant admitted in her Answer to the Complaint that she "knocks" and is "disruptive" based on the other "tenants being allowed to smoke marijuana[.]" *Defendant's Answer, page 3, paragraph 10*; see also *Defendant's Exhibit 8*. Furthermore, according to Plaintiff, there have been over 50 complaints about Defendant's behavior "to cause noise and disrupt [her] neighbor's quiet enjoyment of their apartments[.]" *Defendant's Exhibit 11*.

According to Plaintiff, since June 2021, Defendant has contacted the police eighteen (18) times to report marijuana use by other tenants on the property, the latest of which resulted in Defendant being criminally cited with falsely reporting to a police officer. Plaintiff maintains that the police department has repeatedly advised Defendant that recreational marijuana use is legal, and that they cannot detect any other illegal substances on the property.

Recreational marijuana was legalized in 2018 by the Marijuana Regulation and Taxation Act, MCL 333.27951 *et seq*., and has been legal for medically qualifying patients under the Michigan Medical Marihuana Act ("MMMA") since 2008. See *MCL 333.26421 et seq*. Because recreational marijuana is legal in the state of Michigan, and there is no evidence of illegal behavior by the other tenants, the Court finds that Defendant's behavior, as mentioned above, breaches the covenant of quiet enjoyment as provided by the lease and Michigan law. See *MCL 554.633*. See also, *Defendant's Exhibits 6, 8, and 11*. Therefore, the Court will order Defendant to refrain from damaging the property and its fixtures in any way, and refrain from dropping furniture, banging on walls, calling the police without cause, and causing other unnecessary noise.

-4-

* * *

In her Response, Defendant asks that the Court waive the appeal bond, waive the escrow requirement, order Plaintiff to sign "the landlord-tenant packet[,]" and stop all marijuana smoking on its private property, given that federal law, including her housing assistance, preempts state law, which allows marijuana use on Plaintiff's property. Although she is acting in pro per, Defendant cites the Michigan Judicial Institute Residential Landlord-Tenant Benchbook, Section 3.2(A) in support of her position that federal and state law requirements regarding government-subsidized housing are cumulative. However, Subsection 3.2(B) distinguishes "tenant-based subsidized housing" from "project-based subsidized housing."

In this case, Defendant's MSHDA voucher is generally categorized as tenant-based subsidized housing, meaning the assistance moves with the defendant; it does not automatically categorize Plaintiff as a public housing entity. See *42 USC 1437f(o); 42 USC 1437a(b)(3)*. Therefore, Plaintiff is not governed exclusively by the federal housing statutes, and the Court cannot order Plaintiff to enter into another contract with Defendant. Additionally, Defendant's claim that other tenants are barred or should be prohibited from using marijuana because she receives public housing assistance is untenable. Specifically, 42 USC 1437f(o)(7)(D) provides that only *the covered person* is prohibited from engaging in drug-related activity in public housing assistance programs and complexes. That statute does not govern other tenants in a private housing complex. See *42 USC 1437f(o)(7)(D)*. See also: *MCL 333.26424; 333.26427(a);* and *MCL 333.27951 et seq*.

Plaintiff accepted the defendant's MSHDA housing voucher as payment in accordance with the written lease, and applicable statutes. Because Defendant defaulted on those payments, and Plaintiff is not a public housing commission subject to the federal statutes, Defendant violated the terms of the lease by failing to pay rent. Even as a recipient of tenant-based subsidized housing assistance, she must pay her rent per the lease, which she failed to do. Consequently, she was subject to summary proceedings and eviction. See *42 USC 1437f(f)(6)*. For all these reasons, Defendant's requested relief is DENIED. (Alterations in original.)

The district court rejected plaintiff's arguments that federal housing laws and regulations were relevant to Bloomfield Orchard's action to evict her from Apartment 217, and concluded that it was plaintiff's duty to see that her rent was paid.

Also relevant to this appeal is MCL 600.2918, the antilockout statute. It provides, in pertinent part:

(2) Any tenant in possession of premises whose possessory interest has been unlawfully interfered with by the owner is entitled to recover the amount of his or her actual damages or $200.00, whichever is greater, for each occurrence and, if

possession has been lost, to recover possession. Subject to subsection (3), unlawful interference with a possessory interest includes 1 or more of the following:

(a) Use of force or threat of force.

* * *

(f) Causing, by action or omission, the termination or interruption of a service procured by the tenant or that the landlord is under an existing duty to furnish, which service is so essential that its termination or interruption would constitute constructive eviction, including heat, running water, hot water, electric, or gas service.

(g) Introduction of noise, odor, or other nuisance.

(3) An owner's actions do not unlawfully interfere with a possessory interest if any of the following apply:

(a) The owner acts pursuant to court order.

## A. COLLATERAL ESTOPPEL AND RES JUDICATA

As a threshold matter, plaintiff argues that the doctrines of collateral estoppel and res judicata do not apply to bar her claims. Our review of the record indicates that district court addressed and decided the underlying basis of plaintiff's claims when it determined that there was only a month-to-month tenancy and that plaintiff failed to pay the required rent. The trial court relied on the district court's ruling, and cited MCR 2.116(C)(6) when granting summary disposition in favor of defendants. In *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 323-324; 900 NW2d 680 (2017), this Court explained:

> [S]ummary disposition cannot be granted under MCR 2.116(C)(6) unless there is another action between the same parties involving the same claims currently initiated and pending at the time of the decision regarding the motion for summary disposition. And, if there is another action pending and the party opposing the motion under MCR 2.116(C)(6) raises a question regarding whether that suit can and will continue, a stay of the second action pending resolution of the issue in the first action, should be granted. [*Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999).]

> For purposes of the instant inquiry, a pending appeal is equivalent to a pending action. See *Darin v Haven*, 175 Mich App 144, 151; 437 NW2d 349 (1989), citing *Maclean v Wayne Circuit Judge*, 52 Mich 257, 259; 18 NW 396 (1884) ("It is a familiar principle that when a court of competent jurisdiction has become possessed of a case its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action.") (emphasis omitted).

Defendants alternatively moved for summary disposition under MCR 2.116(C)(7), on the basis that there was a prior judgment between the parties and that either res judicata or collateral estoppel applied to bar plaintiff's circuit court claims. In *King v Munro*, 329 Mich App 594, 599; 944 NW2d 198 (2019), this Court explained:

> The doctrine of collateral estoppel "precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in that prior proceeding." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 528-529; 866 NW2d 817 (2014). "Generally, application of collateral estoppel requires (1) that a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) that the same parties had a full and fair opportunity to litigate the issue, and (3) mutuality of estoppel." *Id*. at 529.

For purposes of collateral estoppel, the issues in both cases must be identical, not merely similar. *Id*. at 600.

Res judicata, however, can extend to issues that should have been raised in a prior proceeding, but were not. In *King*, 329 Mich App at 600-601, this Court explained:

> The purpose of the doctrine of res judicata is to prevent multiple suits litigating the same cause of action. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 418; 733 NW2d 755 (2007). "Under the doctrine of res judicata, a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Wayne Co v Detroit*, 233 Mich App 275, 277; 590 NW2d 619 (1998) (quotation marks and citation omitted). The doctrine bars a second, subsequent action when "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Verbrugghe v Select Specialty Hosp-Macomb Co, Inc (On Remand)*, 279 Mich App 741, 744; 760 NW2d 583 (2008) (quotation marks and citation omitted). Michigan courts apply the doctrine broadly to bar "not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004).

This Court further explained that res judicata does not extend to claims that were not required to be brought in a prior summary proceeding for eviction:

> Moreover, as the parties appear to recognize, plaintiff was not required to bring her negligence action in the prior proceeding. Summary proceedings for eviction are governed, in pertinent part, by MCL 600.5750, which provides:
>
> > The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or

statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, except that a judgment for possession after forfeiture of an executory contract for the purchase of premises shall merge and bar any claim for money payments due or in arrears under the contract at the time of trial and that a judgment for possession after forfeiture of such an executory contract which results in the issuance of a writ of restitution shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ. The plaintiff obtaining a judgment for possession of any premises under this chapter is entitled to a civil action against the defendant for damages from the time of forcible entry or detainer, or trespass, or of the notice of forfeiture, notice to quit or demand for possession, as the case may be.

Interpreting this provision, our Supreme Court has concluded that "the Legislature took these cases outside the realm of the normal rules concerning merger and bar in order that attorneys would not be obliged to fasten all other pending claims to the swiftly moving summary proceedings." *Sewell v Clean Cut Mgt, Inc*, 463 Mich 569, 574; 621 NW2d 222 (2001) (quotation marks and citation omitted). Accordingly, because plaintiff was not required to bring her negligence claim in the summary-eviction proceedings and the district court did not otherwise resolve the claim, res judicata does not bar plaintiff from bringing a negligence claim in the circuit court. [*King*, 329 Mich App at 601-602.]

In *Sewell v Clean Cut Mgt, Inc*, 463 Mich 569, 574577; 621 NW2d 222 (2001), the Court clarified that res judicata applies to claims actually litigated in summary proceedings:

In the present case, the Court of Appeals fastened on our statement that judgment in summary proceedings does not bar other claims for relief. Quoting that holding, it affirmed a circuit court judgment based on a jury's verdict that the eviction had been illegal, notwithstanding that the eviction occurred pursuant to an unappealed district court consent judgment and writ of restitution.

This is not consistent with the statute or with our analysis in *JAM Corp [v AARO Disposal, Inc*, 461 Mich 161; 600 NW2d 617 (1999)]. We said in *JAM Corp* that "judgment in these summary proceedings, no matter who prevails, does not bar other claims for relief." 461 Mich at 170. Nothing in the statute or in *JAM Corp* stands for the proposition that, having litigated in the district court the issue who has the right to the premises, that question can be relitigated de novo in a subsequent suit. Such an approach would empty MCL 600.5701 *et seq*. . . . of all significance. After repossessing premises in accord with the statute and an order of the district court, a landlord would remain in jeopardy of further litigation on that same question.

Neither do principles of res judicata support [the] judgment of the Court of Appeals. In *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999), we explained:

-8-

Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. *Eaton Co Bd of Co Rd Comm'rs v Schultz*, 205 Mich App 371, 375; 521 NW2d 847 (1994). A second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies. *Id*. at 375-376.

Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. *Gose v Monroe Auto Equipment Co*, 409 Mich 147, 160-163; 294 NW2d 165 (1980); *Sprague v Buhagiar*, 213 Mich App 310, 313; 539 NW2d 587 (1995).

This case obviously presents issues concerning the relationship between summary possession proceedings and the doctrine of res judicata. As explained in *Dart*, Michigan's broad res judicata rule bars claims arising out of the same transaction that could have been litigated in a prior proceeding, but were not. *JAM Corp*, 461 Mich at 167.

Our decision in *JAM Corp* recognized a statutory exception to this rule with respect to claims that "could have been" litigated in a prior proceeding. See *id*. at 168, citing MCL 600.5750 . . . . There, we recognized that the legislative intent for this exception was to remove the incentive for attorneys to "fasten all other pending claims to swiftly moving summary proceedings." *Id*. at 169. Our decision in *JAM Corp* said nothing about the preclusive effect of claims actually litigated in the summary proceedings. Thus, the "other claims of relief," described in *JAM Corp* at 170, were those claims that "could have been" brought during the summary proceedings, but were not. This Court was not describing subsequent claims involving the issues actually litigated in the summary proceedings.

In the present case, Ms. Sewell sought damages for personal injuries suffered on Mr. Cruse's premises and for damage to personal property. Mr. Cruse says she was a trespasser and that the circuit court should have granted a directed verdict in his favor. We need not decide in this opinion the full effect of the district court's judgment and writ, with respect to the status of Ms. Sewell as she entered the premises or the extent, if any, of Mr. Cruse's duty toward her. However, we do hold that, where the district court judgment and writ have not been reversed or vacated, they are conclusive on the narrow issue whether the eviction was proper.

Unlike *JAM Corp*, this case presents a question regarding the preclusive effect of a claim that was actually litigated in the summary proceeding. Therefore, the limited statutory exception to Michigan's res judicata rule does not apply. The circuit court thus erred in failing to grant, at least in part, the motion for a directed verdict.

It is apparent that this case is controlled by *Sewell*, not *King*, because plaintiff's claims asserting a possessory interest in the subject property were actually litigated in the district court proceedings.

Although the trial court granted summary disposition in part under MCR 2.116(C)(6), it is unclear from the record whether the summary proceedings were still pending when the trial court issued its decision on March 9, 2022, granting summary disposition in favor of defendants. Defendants sought summary disposition under MCR 2.116(C)(6) because the district court case was still pending when plaintiff filed this action in circuit court. Although the record indicates that the district court proceeding was still pending when plaintiff filed this action in circuit court, summary disposition may be granted under MCR 2.116(C)(6) only if the prior action is still pending at the time the decision on the motion is made. *Planet Bingo*, 319 Mich App at 323-324.

Nevertheless, this does not affect the outcome of this case. On de novo review, the record alternatively supports affirming the trial court's decision under MCR 2.116(C)(7), on the basis of res judicata, because the same underlying claims were actually litigated and decided by the district court. In the district court case, plaintiff raised her arguments for why she believed she should not have been evicted, both in defense of Bloomfield Orchard's complaint for an order of eviction and in her counterclaims. The district court addressed the merits of plaintiff's arguments, which involved the same underlying claims in this case, and ruled that Bloomfield Orchard's eviction of plaintiff was proper. Accordingly, res judicata supports summary disposition in favor of defendants on the basis of the district court's rulings. Thus, defendants were entitled to summary disposition on the basis of the district court's rulings under either MCR 2.116(C)(6) *or* (7).

In sum, the facts regarding plaintiff's occupancy of her apartments were established and litigated in the district court summary proceeding, and the district court ruled that Bloomfield Orchard's eviction of plaintiff was lawful. The circuit court affirmed this when plaintiff appealed the decision. Accordingly, there is no basis for plaintiff to claim in this case that defendants were obligated to continue to offer her a lease to occupy either apartment, or to claim that she was constructively evicted. Because plaintiff's claims asserting a possessory interest in the subject property were already litigated in the district court, the trial court did not err by ruling that defendants were entitled to summary disposition.

## B. POSSESSIVE INTEREST AND ANTILOCKOUT

Even if the doctrine of res judicata did not apply to plaintiff's claims, we nevertheless find said claims unavailing. As regards plaintiff's possessory interest and antilockout arguments, it must be noted that Bloomfield Orchard obtained a court order to evict plaintiff from Apartment 217. Plaintiff alleges that defendants used "self-help" in the form of force, noxious odors, and terminated services to cause her eviction. In reality, she was only required to move after Bloomfield Orchard obtained an order in district court. As a matter of law, an owner does not unlawfully interfere with a possessory interest if the owner acts pursuant to a court order. MCL 600.2918(3)(a). Thus, there is no merit to the suggestion that defendants relied on "self-help" to evict her from that apartment. Additionally, to the extent that plaintiff suggests a court order was necessary to remove her from Apartment 224, we reject this argument because the undisputed facts demonstrate that plaintiff voluntarily moved from that unit to Apartment 217. At that point, plaintiff did not have a possessory interest in Apartment 224. Further, because plaintiff

voluntarily moved to a new unit, there is no genuine issue of material fact regarding whether defendants unlawfully interfered with that former possessory interest.

Plaintiff further argues that defendants evicted her, without a court order, by using MSHDA to pressure her and terminate her housing subsidy. Plaintiff claims that she lost the housing subsidy when she moved to the new unit. She further states that defendants refused to offer her a new lease for Apartment 217, and instead only allowed her to continue as a month-to-month tenant. However, plaintiff neglects to mention that she became a month-to-month tenant *before* she moved to Apartment 217. That same tenancy continued after plaintiff moved to Apartment 217. Accordingly, there is no merit to plaintiff's argument that defendants were required to alter that tenancy by offering her a new lease after she moved to Apartment 217.

On this subject, plaintiff also argues that 24 CFR 982.308(b) and (g) obligated defendants to offer plaintiff a new lease after she moved to Apartment 217. This is not so. The regulation states, in relevant part:

(b) Form of lease.

(1) The tenant and the owner must enter a written lease for the unit. The lease must be executed by the owner and the tenant.

* * *

(g) Changes in lease or rent.

(1) If the tenant and the owner agree to any changes in the lease, such changes must be in writing, and the owner must immediately give the PHA a copy of such changes. The lease, including any changes, must be in accordance with the requirements of this section.

Bloomfield Orchard offered to further extend plaintiff's written lease before she moved to Apartment 217. Plaintiff refused to sign the extension and became a month-to-month tenant. Because there was no lease in effect when plaintiff moved to the new unit, there is no basis to conclude that defendants owed her any obligations, beyond honoring the month-to-month tenancy already in place. Since the housing subsidy did not apply to the new apartment, there is no basis to conclude that defendants violated 24 CFR 982.308(g) or were otherwise responsible for evicting plaintiff.[2] Finally, because it is undisputed that Bloomfield Orchard obtained a court order to evict plaintiff and terminate the month-to-month tenancy, plaintiff cannot establish a violation of MCL 600.2918.

_____

[2] Plaintiff also relies on MCL 400.14(1)(c) in support of her argument that defendants had an obligation to notify MSHDA that plaintiff was no longer living in Apartment 224. However, that statute does not impose any such obligation on a landlord, but only authorizes the state department to withhold public assistance for the payment of rent if it determines that a dwelling unit fails to meet state or local building codes. It is entirely irrelevant to this case.

## C. COUNTERCLAIMS

Plaintiff also argues that the district court never addressed her counterclaims in that proceeding, and therefore, she is not barred from asserting those claims in this action. The record does not support plaintiff's argument. Plaintiff is correct that a judgment in a summary proceeding to regain property does not bar claims not decided in that proceeding and that a party is not required to present all possible claims in that proceeding. See MCL 600.5750; *King*, 329 Mich App at 601-602. Contrary to what plaintiff asserts, however, the record discloses that plaintiff's counterclaims in the summary proceeding, which involve the same claims raised in this action, were considered and rejected by the district court.

The district court rejected plaintiff's counterclaims that Bloomfield Orchard interfered with her possessory interest in the apartment by not prohibiting tenants from smoking marijuana and by not issuing a written lease for plaintiff after she refused to sign a lease extension in 2019. The court ruled that Bloomfield Orchard was not obligated to offer plaintiff a lease and did not violate any housing regulations after her previous lease agreement was no longer in effect. The district court also rejected plaintiff's claim that she could rely on any marijuana use by other residents to avoid eviction. Because the district court considered and decided plaintiff's counterclaims, res judicata bars plaintiff from asserting those claims in this action.

Plaintiff also contends that she was unable to support her claim only because defendants did not attach a tenancy addendum to the lease agreement, which was part of the original lease agreement. See 24 CFR 982.308(f). Plaintiff admitted, however, that she declined to sign a new lease extension with Bloomfield Orchard before she moved from Apartment 224 to Apartment 217. Thus, there was no longer a written lease agreement in effect as of October 1, 2019, well before Bloomfield Orchard initiated eviction proceedings. Consequently, plaintiff cannot claim that defendants violated the antilockout statute, MCL 600.2918, because it did not provide her with a copy of the tenancy addendum.

Plaintiff's reliance on 24 CFR 982.309 and 24 CFR 982.456 are similarly misplaced. As to 24 CFR 982.309, that regulation merely reinforces that the owner of a property retains the right to terminate a lease. And while 24 CFR 982.456 permits plaintiff to exercise her rights against Bloomfield Orchard under the tenancy addendum or the lease, we again reiterate that the undisputed evidence indicates that the previous lease agreement in effect between plaintiff and Bloomfield Orchard expired on October 1, 2019, and was not renewed. Accordingly, plaintiff no longer had any rights under that lease or tenancy addendum to enforce.

We also reject plaintiff's argument that the trial court violated Subsection (6) of the antilockout statute, MCL 600.2918(6), by dismissing her claims for violation of that statute. Subsection (6) provides:

> A person who has lost possession or whose possessory interest has been unlawfully interfered with may, if that person does not peacefully regain possession, bring an action for possession under section 5714(1)(f) or bring a claim for injunctive relief in the appropriate circuit court. A claim for damages under this section may be joined with the claims for possession and for injunctive relief or may be brought in a separate action. [MCL 600.2918(6).]

-12-

Although this statute gave plaintiff standing to bring this action, it does not otherwise prohibit giving preclusive effect to any claims that were actually litigated and decided in the district court proceedings. Because the claims that plaintiff raises on appeal were considered by and decided by the district court, she cannot pursue them again here. See *Sewell*, 463 Mich at 574-577.

We note that the trial court did not give preclusive effect to all of the claims and allegations asserted in plaintiff's complaint. To the extent that plaintiff asserted claims that did not encompass her possessory interest in the apartment, the trial court dismissed those claims under MCR 2.116(C)(8), for failure to state a claim on which relief could be granted. However, because plaintiff does not challenge this portion of the trial court's decision, she has waived appellate review of those issues. *Caldwell v Chapman*, 240 Mich App 124, 132-133; 610 NW2d 264 (2000).

## D. FAILURE TO MITIGATE DAMAGES

Plaintiff also argues that defendants were not entitled to summary disposition on the basis of their argument that she failed to mitigate her damages by not moving to a new apartment sooner. The trial court did not address this argument. Because this issue was not a basis for the trial court's decision, and plaintiff has not otherwise demonstrated that the trial court erred by granting summary disposition for defendants, we decline to address it further.

## IV. CONCLUSION

For all the foregoing reasons, we conclude that plaintiff has failed to show that the trial court erred by granting summary disposition to defendants. Accordingly, we affirm.

/s/ Sima G. Patel
/s/ Mark T. Boonstra
/s/ Michelle M. Rick

-13-