*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAWANDA HALL, also known as TAWANA
HALL,

        Plaintiff-Appellee,

v

VALARIE DAVIS,

        Defendant-Appellant.

UNPUBLISHED
January 25, 2024

No.   364968
Wayne Circuit Court
LC No.   22-004580-AV

Before:  GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

In these eviction proceedings, defendant appeals by leave granted[1] the circuit court's order affirming the 36th District Court's judgment to vacate the premises, and directing defendant to pay back rent.  On appeal, defendant argues the circuit court: (1) committed reversible error when it ordered her, sua sponte, to pay plaintiff $24,000 in rent; and (2) violated defendant's due-process rights because it entered this order without notice.  We reverse that part of the judgment awarding plaintiff $24,000 in back rent.

## I.  BACKGROUND FACTS AND PROCEDURAL HISTORY

This matter arose out of an action for possession of property.  Plaintiff filed a termination of tenancy complaint against defendant.  At the hearing in the district court, plaintiff stated she brought this action to retrieve her property.  The district court judgment granted plaintiff the right to possession, did not state any back rent was owed, and declared that "no money judgement [was] entered at this time."  Defendant filed a claim of appeal in the circuit court.  Plaintiff reiterated she wanted her property returned.  The circuit court upheld the district court's judgment, and sua

---

[1] *Hall v Davis*, unpublished order of the Court of Appeals, entered July 3, 2023 (Docket No. 364968).

sponte ordered defendant to pay plaintiff $24,000 for back rent. Subsequently, defendant vacated the property and now only challenges the circuit court's order awarding plaintiff overdue rent.

## II. DISCUSSION

Defendant argues the circuit court erred when it ordered her, sua sponte, to pay plaintiff $24,000 in rent.[2]

## A. STANDARD OF REVIEW

This Court's "review of a circuit court's review of a district court's order is . . . de novo." *Noll v Ritzer*, 317 Mich App 506, 510; 895 NW2d 192 (2016). "Whether due process has been afforded is a constitutional issue that is reviewed de novo." *CAJ v KDT*, 339 Mich App 459, 464; 984 NW2d 504 (2021) (quotation marks and citation omitted).

## B. LAW AND ANALYSIS

Summary proceedings for the possession of real property are governed by MCL 600.5701 *et seq*. "The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory." MCL 600.5750. "Plainly the Legislature took these cases outside the realm of the normal rules concerning merger and bar in order that attorneys would not be obliged to fasten all other pending claims to the swiftly moving summary proceedings." *JAM Corp v AARO Disposal, Inc*, 461 Mich 161, 168-169; 600 NW2d 617 (1999).

The circuit court erred when it sua sponte made a factual finding about the amount of back rent defendant owed plaintiff, and then entered an order she pay plaintiff $24,000. This case was before the circuit court on appeal. Acting as an appellate court, the circuit court could only consider the parties' arguments and district court judgment, which explicitly granted plaintiff the right to recover possession of the property, not monetary damages. Importantly, plaintiff did not seek monetary damages in the district court or the circuit court. The circuit court went beyond the issue decided by the district court, and raised by defendant on appeal, and made factual findings regarding the back rent owed to plaintiff, despite there being no request for such damages and no evidentiary hearing or other evidence supplied. The circuit court erred in doing so. *Tingley v Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004) ("Ordinarily, [an appellate court] do[es] not address issues not raised below or on appeal, or issues that were not decided by the trial court.").

## III. CONCLUSION

---

[2] As an initial matter, defendant acknowledges the issue of eviction is moot because she vacated the house after applying for leave to appeal. "[A]s a general rule, this Court will not entertain moot issues or decide moot cases." *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018) (quotation marks and citation omitted; alteration in original).

For the reasons stated above, we reverse the circuit court's order with respect to the requirement that defendant pay plaintiff $24,000 in arrearages, and remand for entry of a modified judgment consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates